ALEXANDER BARR

*v.*

THE VILLAGE OF AUBURN.

1. ORDINANCES—*book of, prima facie evidence of adoption.* The book of ordinances of a village incorporated under the general law, containing an ordinance alleged to have been violated, is *prima facie* evidence of its passage.

2. SAME—*evidence as to passage of ordinance by requisite majority.* Section 41 of the general law for the incorporation of villages, etc., provides that "the yeas and nays shall be taken upon the passage of all ordinances, ❋ ❋ ❋ which shall be entered on the journal of its proceedings; and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance." The board of trustees of a village incorporated under this act consisted of six members. The journal of the proceedings of the board showed that only one member, naming him, was absent from the meeting of the board at which a certain ordinance was alleged to have passed, and contained this entry: "On motion of (one of the members), the following ordinance (the one in question) was unanimously adopted." It was *held*, the showing of the journal was sufficient in regard to the proper passage of the ordinance.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, for the appellant.

Messrs. PATTON & LANPHIER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a prosecution against the appellant for the violation of an alleged ordinance of the village of Auburn, prohibiting the sale of intoxicating liquors within its corporate limits, resulting in his conviction and a fine of $35.

Upon this appeal, the only question presented is, whether the evidence shows that the ordinance under which appellant was convicted was not legally adopted.

It was admitted that the village of Auburn was duly incorporated under the general law, being chap. 24, Rev. Stat. 1874. *Prima facie* evidence was given of the passage of the ordinance

by the introduction in evidence of the record or book of ordinances provided for by sec. 82 of the act, which contained the ordinance. The journal of the proceedings of the board of trustees of the village was also in evidence.

That journal shows that at a meeting of said board of trustees, July 22, 1873, " on motion of William Brownell, the following ordinance (the one in question) was unanimously adopted," and this is all that the journal shows of the manner in which the ordinance was passed.

Section 41 of the act provides, " The yeas and nays shall be taken upon the passage of all ordinances, and on all propositions to create any liability against the city, or for the expenditure or appropriation of its money, and in all other cases at the request of any member, which shall be entered on the journal of its proceedings ; and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition."

The point which is made is, that the journal does not show that the yeas and nays were taken upon the passage of the ordinance, and the entry thereof on the journal—that it is an imperative requirement of the statute that the yeas and nays shall be taken and entered on the journal, and that the same is essential to the validity of the ordinance, referring to *Spangler* v. *Jacoby*, 14 Ill. 297, where, in respect to a similar constitutional provision respecting the passage of bills by the General Assembly, it was held that such directions were imperative. It is a mandatory portion of this section of the act that the concurrence of a majority of all the members elected is necessary to the passage of an ordinance. The purpose of the requirement that the vote should be entered on the journal, was that it might appear thereby whether the ordinance was passed by the majority required by the statute. Such was considered as the purpose of the requirement in *Spangler* v. *Jacoby*, and it was said there that it must appear on the face of the journal that the bill passed by a constitutional majority.

It was admitted here at the trial, that the board of trustees of this village was composed of six members. The journal shows that only one member, Mr. Foster, was absent from the meeting of the board at which the ordinance was unanimously passed, and the journal showing that the ordinance was unanimously adopted, it must have received the votes of a majority of all the members elected, and hence it appears on the face of the journal that the ordinance passed with the concurrence of a majority of the members elected of the body passing the same. This, we think, is the essential thing, and we are inclined to hold that the showing of the journal is sufficient in this regard, and hence, that the journal itself does not rebut the *prima facie* proof made of the legal passage of the ordinance by the introduction in evidence of the book of ordinances containing the same.

The judgment will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, dissenting:

The entering upon the journal of the ayes and noes upon the final vote, is made by the statute the test of the passage of an ordinance by the required majority. This journal shows that five out of six of the members of the city council were present when the board met, other business was first transacted, and *then* this ordinance was passed. It may be that two of these five members may have absented themselves, and that this ordinance was then unanimously passed by only three members of the council. The calling of the ayes and noes is required by the statute, that it may affirmatively appear who were present at the passage of the ordinance. The door for the surreptitious passage of ordinances, which I think was closed by the statute, ought not to be opened by judicial construction.