## Village of Gilberts v. Rabe.

1. *Cities and Villages—Right to Amend Records of Proceedings.*—A village board has the right to amend the record of its proceedings at a subsequent meeting so as to correspond to the facts and make truth appear by supplying omitted facts. So *held*, where a village board amended the record of its proceedings at a previous meeting, so as to show the legal passage of an ordinance.

2. *Cities and Villages.—Record of Passage of Ordinance.*—The record of the proceedings of a village board, which recited that all the members were present and that the ordinance in question was passed unanimously, shows that the ordinance was legally passed.

3. *Legislative Bodies—Records—Amendments.*—A legislative body makes and controls its own record and decides for itself when it contains a true history of its proceedings. It may amend its record by the addition of omitted facts so as to make it show the whole truth and correspond with the facts; and this may be done from the personal knowledge of the members of the body.

4. *Vested Rights—Violation of Ordinances—Defective Records.*—The record of a village board did not show at the time an ordinance was violated that it had been passed by the affirmative vote of a majority of the board, but the record was subsequently amended so as to show the fact. *It was held,* that the person violating the ordinance was presumed to have known that the law authorized the board to amend its record, and he could acquire no vested right; that the prosecution for his wrongdoing should be governed by the record in its incomplete form. When he undertook to violate the ordinance, because he thought that the village would not be able to prove its passage, he took the risk of such proof being made and had no right to insist that it should not be made.

**Memorandum.**—Suit for violation of ordinance. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, OSCAR JONES AND JOHN A. RUSSELL, ATTORNEYS.

It is deemed of so great importance to uphold the proceedings of public corporations, that courts are disposed to be as indulgent in allowing entries of their proceedings to be

amended as is consistent with the safety of those whose interests will be affected thereby, and the power of clerks of towns and other municipal corporations to amend their records, while they continue in office, is well established by authority. Samis v. King, 40 Conn. 298; Farrell v. King, 41 Conn. 448; People v. Brinkerhoff, 68 N. Y. 259; Halleck v. The Inhabitants of Boylston, 117 Mass. 469; Barr v. The Village of Auburn, 89 Ill. 361; County of Adams v. The City of Quincy, 130 Ill. 566.

Such amendment relates back to the time of the passage of the ordinance or resolution in question. McCormick v. Bay City, 23 Mich. 457; Commissioners v. Hearne, 59 Ala. 371; Starr v. Burlington, 45 Iowa, 87; Dillon on Municipal Corporations, Secs. 231, 234, note 1.

Where the city clerk had failed to keep the record of the ayes and nays upon the adoption of a resolution by the common council, a *nunc pro tunc* entry of omitted proceedings may be caused to be made by the city council. City of Logansport v. Crockett, 64 Ind. 319.

Irwin & Egan, attorneys for appellee.

Opinion of the Court, Cartwright, J.

Appellee was prosecuted before a justice of the peace, by appellant, for the violation of its ordinance prohibiting the sale of intoxicating liquor without a license. Appellant was defeated before the justice, and an appeal was taken to the Circuit Court, where the case was tried by the court without a jury, and appellant was again defeated.

The facts were agreed upon by stipulation in the Circuit Court, and the only question in the case was concerning an amendment by the village board of the record of its proceedings in the passage of the ordinance. The village board consisted of six members. A meeting of the board was held July 31, 1890, and the record of that meeting, as originally made by a clerk *pro tem.*, recited that all the members, except one, were present, and that the ordinance in question was passed, but it contained no recital of the

manner of its passage. The ordinance was duly approved, and copies were posted. The defendant on three different occasions, between August 15, and December 2, 1890, sold intoxicating liquors contrary to the provisions of the ordinance. The prosecution was commenced December 23, 1890, and afterward, during its pendency, before the trial in the Circuit Court, at a regular meeting of the same board at which all the members were present, it was, by unanimous vote, ordered that the record of the proceedings at the meeting of July 31, 1890, should be corrected so as to correspond with the facts, by inserting after the word "passed," where the passage of the ordinance was shown, the word "unanimously," and the record was amended accordingly. The record was in like manner amended so as to show that the member not present at the opening of the meeting, came in and took his seat before the passage of the ordinance. The amended record before the Circuit Court, showed that all the members of the board were present at the meeting when the ordinance was passed, and that its passage was by unanimous vote.

That the village board.had the right to amend the record of its proceedings so as to correspond with the facts and make the truth appear by supplying the omitted facts, is settled beyond controversy. President and Trustees of Town of St. Charles v. O'Malley, 18 Ill. 407; Turley v. County of Logan, 17 Ill. 151; County of Adams v. City of Quincy, 130 Ill. 566.

It is also the law that the record, as amended, showed that the ordinance was legally passed. Barr v. Village of Auburn, 89 Ill. 361.

It is argued here that the judgment of the court was right, because no proof outside of the record of the board was offered to show that the amended record was true. A legislative body makes and controls its own record, and decides for itself when it contains a true history of its proceedings. The board decided that the record, as originally made, was deficient, and that the addition of omitted facts should be made so as to make it show the whole truth and correspond with the facts. The addition was made from the

personal knowledge of the members of the board, and when made so as to give a true history of the passage of the ordinance, it is no more required or admitted of outside parol proof than any other record of the board.

It is also contended, that, inasmuch as the record did not at the time the ordinance was violated, show that it had been passed by the affirmative vote of a majority of the board, the defendant acquired some sort of vested right to immunity, which could not be disturbed by the subsequent amendment, or that such subsequent amendment was *ex post facto* in its character and void as to him.

The purpose of the requirement that the vote should be entered in the journal was to furnish evidence that the ordinance was passed as required by statute. Barr v. Village of Auburn, *supra*. The record as originally made recited that the ordinance was passed, and it was approved and published as an ordinance of the village. When defendant contemplated a violation of its provisions, ordinary prudence would require that he should ascertain whether it was in fact passed in the required mode. He is presumed to have known that the law authorized the board to amend its record by adding any omitted fact, and he could acquire no vested right that the prosecution for his wrong doing should be governed by the record in its incomplete form. When he undertook to violate the ordinance, because he thought that the village would not be able to prove its passage, he took the risk of such proof being made, and had no right to insist that the proof should not be made.

When the record was completed by adding the omitted fact that the vote on the passage of the ordinance was unanimous, the record had the same force and effect as though originally made as amended, and showed that the ordinance was legally passed July 31, 1890. County of Du Page v. Martin, 39 Ill. App. 298. It was in full force when it was violated by the defendant, and the completion of the record did not make that an offense which was not an offense when committed.

The judgment will be reversed, and the cause remanded.