## Vandalia Mutual County Fire Ins. Co. v. John Peasley.

1. CORPORATIONS—*Right of Directors to Amend Their Records.*—The directors of an insurance company have a right to amend their records when necessary, so as to cause them to show what they actually did when convened in session and acting as a body.

2. INSURANCE—*Assessments by Mutual Companies.*—In making an assessment to pay losses the directors of a mutual insurance company may exercise a reasonable discretion in determining the amount necessary to be raised. There will always be more or less expense in the collection of an assessment, and there may be insolvent members from whom collections can not be made. These, and other like matters, are proper to be considered by the managers in fixing the amount of the assessment.

3. SAME—*Assessments Must be in Conformity With the Statute.*—Assessments must be made in substantial conformity to the statute before a legal liability can arise to pay, but actual proof of loss on which the assessment is made, need not be adduced.

4. SAME—*Power of Directors to Bind the Company.*—The directors are the only legal representatives of the company, and, in the absence of fraud or collusion, when they examine proofs of loss made by an assured and agree upon the amount to be paid, such action is conclusive as against the members of the company.

5. Same—*Mutual Companies No Power to Provide a Fund for the Payment of Future Losses.*—Mutual insurance companies organized under the act approved June 2, 1877, can not, by making assessments, provide a fund for the payment of future losses.

6. Burden of Proof—*Suspension of Policy by Non-Payment of Premium Note.*—The burden of showing that a policy of insurance was suspended at the time of a loss, by reason of the non-payment of the premium note, is upon the defendant company.

Assumpsit, on an insurance policy. Trial in the Circuit Court of Fayette County; the Hon. Samuel L. Dwight, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Reversed and remanded. Opinion filed March 10, 1899. Rehearing denied August term, 1899.

**Statement.**—Appellant is organized under a law of this State entitled: "An act to organize and regulate county fire insurance companies." Approved June 2, 1877. In force July 1, 1877.

Section 12 of the act provides as follows:

" Whenever the amount of any loss shall have been ascertained, which exceeds in amount the cash funds of the company, the president shall convene the directors of said company, who shall make an assessment upon all the property to the amount for which each several piece of property is insured, taken in connection with the rate of premium under which it may be classified."

Section 13 of the act is as follows:

" It shall be the duty of the president, whenever such assessment shall have been made, to immediately notify every person composing such company personally, by an agent or by letter sent to his usual postoffice address, of the amount of such loss and the sum due from him as his share thereof, and of the time when and to whom such payment is to be made; but such time shall not be less than thirty nor more than ninety days from the date of such notice."

September 20, 1894, appellant insured appellee's house, barn and other property, against loss or damage by fire or lightning, in the sum of $1,250, for the period of five years.

At the time the policy was issued, appellee executed to the company his premium note for $25, to be paid in such

portions and at such times as the directors should require. The policy contained a clause as follows :

" In case the assured fails to pay his assessment by the time specified, then this policy shall cease to be in force and remain null and void during the time such assessment remains due and unpaid ;   *   *   *   the payment of the assessment, however, revives the policy and makes it good for the balance of the term, or until failure is again made to pay the legal assessments."

June 11, 1897, a portion of the property covered by the policy was destroyed by fire.   Appellee notified the company and furnished proofs of loss, as required by the policy, but it refused to pay, and this suit was brought on the policy to recover for the loss.

The defense set up was, that before the loss assessments had been made by the directors of the company, on appellee's premium note, to pay other losses that had been sustained by other policy holders of the company, which had been adjusted and allowed by the directors of the company before appellee's loss occurred ; and that appellee, although duly notified of the assessments, had failed to pay them, and in consequence his rights under the policy had been suspended.   The jury, after having been substantially instructed so to do, returned a verdict for plaintiff for $325.50, and the court, after overruling appellant's motion for a new trial, rendered judgment on the verdict.

The only questions presented for determination are as to the correctness of the rulings of the court in sustaining appellee's objection to the introduction by appellant of the records and amended records of the proceedings of each of two meetings of the board of directors of the insurance company — one held February 16, and the other October 14, 1896 — and also the record of the proceedings of the same board, held February 24, 1898, and sustaining objections by appellee to parol evidence offered by appellant to to show what business was transacted at the first two meetings other than was contained in the original records.

The original record of the meeting of February 16, 1896, is as follows:

"Directors' Call Meeting.

Vandalia, Ill., Feb. 16, '96.

"The directors of the Vandalia Mutual Co. Fire Ins. Co. met at their office in Vandalia, Ill. Meeting was called to order by the president. On roll call the following directors were present: W. M. Fogler, Jacob Ritter, J. W. Leach, Wash Burgess and O. L. Brown.

"Minutes of the last meeting read and approved. The following bills were then read and allowed:

"Vandalia Union ad. stockholders' meeting one week, forty-five cents; Fayette Democrat ad. stockholders' meeting, two weeks, fifty cents; Vandalia Leader, ad. stockholders' meeting, two weeks, ninety cents.

"The following losses and damages were then allowed:

"J. O. Kepner, loss of house burned, $500; household goods in same, $50; total, $550 loss in full. S. M. Rush, damage to bed, $3.33 in full. W. E. Gilliland, loss of household goods, $102.82.

"On motion, an assessment of ten per cent on all the company's notes was made, payable on or before April 1, 1896. The secretary was instructed to have the necessary cards printed for the notices of said assessment and send out the same, for which to receive the usual compensation.

"On motion, L. W. Miller was to collect the said asesssment and receive for the said compensation the sum of $25.

"There being no further business, the house adjourned.

"W. M. Fogler, Pres.

"L. W. Miller, Sect."

The amended record is as follows:

"Directors' Call Meeting.

Vandalia, Ill., Feb. 16, 1896.

"The directors of the Vandalia Mutual County Fire Ins. Co. met at their office in Vandalia, Ill. Meeting was called to order by the president. On roll call the following directors were present: W. M. Fogler, Jacob Ritter, J. W. Leach, Wash Burgess and O. L. Brown.

"Minutes of the last meeting read and approved. The following bills were read and allowed :

"Vandalia Union, ad. stockholders' meeting one week, forty-five cents; Fayette Democrat, ad. stockholders' meeting two weeks, fifty cents; Vandalia Leader, ad. stockholders' meeting two weeks, ninety cents.

" The following losses and damages were then allowed : J. O. Kepner, loss of house burned, $500; household goods, in same, $50; total, $550 loss in full. S. M. Rush, damage to bed, $3.33 in full. W. E. Gilliland, loss of household goods, $102.82 in full; and the losses of J. E. Etchison, house burned, $800; and of J. O. Kepner, house and household goods burned, $550; and S. M. Rush, household goods $3.33, remaining unpaid, to the amount of $1,456.15. The directors found the money then on hand to be. $384.64, and the said losses exceeded in amount the cash funds of the company, and that an assessment of 10 per cent would raise about $1,300.

" On motion, an assessment of 10 per cent on all the company's notes was made payable on or before April 1st, 1896. The Sect. was instructed to have the necessary cards printed for notices of the said assessment and send out the same, for which he was to receive. the usual compensation.

" On motion, Mr. Miller was to collect the said assessment and receive for the said compensation the sum of $25.

" There being no further business, the house adjourned.

" W. M. Fogler, Pres.

" L. W. Miller, Sect."

The original record of October 14, 1896, is as follows :

" Directors' Quarterly.
Vandalia, Ill., Oct. 14, ' 96.

" The directors of the Vandalia Mutual County Fire Ins. Co. met at their office at Vandalia at 2 o'clock p. m. The meeting was called to order by the Pres. On roll call the following members were present : J. Ritter, G. W. Gardner, W. Burgess, J. W. Leach, A. Stine, Jr., O. L. Brown, J. C. Bowles, Geo. W. Mattis and W. M. Fogler.

" On motion, the claim of S. M. Rush for barn burned was allowed in full of $75; bill on personals allowed, $100; total $175.

" Bill of Mrs. Ellen Bolds on personals allowed, $7.

" On motion, an assessment of 10 per cent on all notes was ordered, payable before December 1, 1896; the secretary to send out the notices and receive for the same $10. Also to collect said assessments and receive for his services of collecting 3 per cent of the amount collected. Assessment notices to be sent to all who were members before September 23, and to all renewals to date.

" The secretary was further instructed to advertise in two county papers, viz., the Union and Leader.

"There being no further business, the meeting adjourned until January, 1897.

"Jacob Ritter, Pres.
"L. W. Miller, Sec."

The amended record is as follows:

"Directors' Quarterly Meeting.

Vandalia, Ill., October 14, 1896.

"The directors of the Vandalia Mutual Co. Fire Ins. Co. met at their office in Vandalia, at 2 p. m. The meeting was called to order by the vice-president. On roll call the following members were present: J. Ritter, G. W. Gardner, W. Burgess, J. E. Leach, A. Stine, Jr., O. L. Brown, J. C. Bowles, Geo. W. Mattes and W. M. Fogler.

"On motion the claims of S. M. Rush for barn burned was allowed in full of $75; bill on personals allowed $100; total $175.

"Bill of Mrs. Ellen Bolds on personals, allowed, $7. And the losses of Wm. Buchanan, barn and contents burned, $167.82; and S. M. Rush, barn and contents burned, $175; and E. Bolds, damage to house by lightning, $7; and Michael Reams, horse killed by lightning, $40; remaining unpaid to the amount of $389.82.

"The directors found the amount of money then on hand to be $16.38, and that the said losses exceeded in amount the cash funds of the company, and that an assessment would raise about $1,250.

"On motion, an assessment of ten per cent on all notes was ordered payable before December 1st, 1896; the secretary to send out the notices and receive for the same $10. Also to collect said assessments and receive for his services of collecting three per cent of the amount collected.

"Assessment notices to be sent to all who were members before September 23d, and to all renewals to date.

"The secretary was further instructed to advertise in two county papers, viz., the Union and the Leader.

"There being no further business, the meeting adjourned until January, 1897.

"Jacob Ritter, Pres.
"L. W. Miller, Sec."

The record of the directors' meeting of February 24, 1898, is as follows:

"Vandalia, Ill., Feb. 24, 1898.

"The director's of the Vandalia Mutual County Fire Insurance Company met in special session at the call of their

secretary and five other members; the following directing the call of the meeting : W. M. Fogler, Jacob Ritter, Geo. C. Mattes, J. C. Bowles and J. W. Leach.    Present at the said meeting, Jacob Ritter, J. C. Bowles, J. W. Leach, W. M. Fogler and Geo. C. Mattes.

"There being a quorum present, the directors considered the minutes of their meeting of February 14th, 1896, and of October 14th, 1896, and found that certain actions of the board had been omitted from the minutes of said meetings, whereupon the following resolutions were passed by unanimous vote of those present.

*Resolution No. 1.*—Whereas, at the directors' meeting held on February 14th, 1896, the board did determine that the losses then adjusted and unpaid amounted in the aggregate to the sum of $1,466, and that the cash funds of the Co. then in hands, amounted to $384, and that said losses exceeded in amount the cash funds of the company; and whereas, the said facts, by inadvertence of the secretary, have been omitted from the minutes of the said meeting; it is, therefore, ordered that the secretary amend said minutes so that the same may show the above facts.

*Resolution No. 2.*—And whereas, also at the directors' meeting held on October 14th, 1896, the board did determine that the losses then adjusted and unpaid amounted in the aggregate to the sum of $390, and that the cash funds of the company then on hands amounted to $16.38, the said losses exceeded in amount the said funds of the company. And whereas, the said facts have, by inadvertence of the secretary, been omitted from the minutes of the meeting; it is therefore ordered that the secretary amend said minutes so that the same may show the above facts.    And we direct these resolutions as an amendment, supplying the aforesaid omissions of the records, and that Resolution No. 1 be read as a part of the minutes of the meeting of Feb. 16th, 1896; and that Resolution No. 2 be read as part of the minutes of the meeting of October 14th, 1896.

"JACOB RITTER, Pres.
"L. W. MILLER, Sect.

Meeting adjourned."

BROWN & ALBERT, attorneys for the appellant.

TIPTON & TIPTON and E. B. SPURGEON, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

If the amended record of the proceedings of the directors' meeting of February 16, 1896, was improperly excluded from the jury, it becomes immaterial to inquire whether the original record of the proceedings might properly have been admitted or not, hence we express no opinion in regard to it.

The right of the directors of the company to amend their records when necessary, so as to cause them to show what they actually did when convened in session and acting as a body, does not seem to be contested by appellee's counsel, and it can not, in our opinion, be successfully contested, since even the records of municipal corporations can be amended. County of Du Page v. Commissioners of Highways, 142 Ill. 610; Village of Gilberts v. Rape, 49 Ill. App. 418.

The total amount of unpaid losses, as shown by the record at the time an assessment was made, was $1,456.15. To this should be added the other bills allowed, for printing, $1.85, also $25 for collecting the assessment, making the total liabilities of the company $1,483; and deducting from this sum the cash on hand left $1,098.36 to be provided for by the assessment, which at the rate fixed by the directors it was thought would amount to about $1,300.

In the case of Farmers' Fire Insurance Co. of Palmyra v. Knight, 162 Ill. 470, the court said:

"Where a loss occurs the managers may exercise a reasonable discretion in determining the amount necessary to be raised. There will always be more or less expense in the collection of an assessment, and there may be insolvent members, from whom collections can not be made. These, and other like matters, are proper to be considered by the managers in fixing the amount of the assessment."

We agree with the learned counsel for appellee, who say: "We think it clear that an assessment must be made in substantial conformity to the statute before a legal liability can arise to pay the assessment." But we can not agree to the other proposition seemingly contended for, that before a

recovery can be had on an assessment, actual proof of loss on which the assessment was made must be adduced. Proofs of loss are made by the assured to the company, and the directors stand for and are the only legal representatives of the company, and in the absence of fraud or collusion, when they examine the proofs of loss made by the assured and agree upon the amount of it, the record that they make is conclusive against the members of the company. If this were not so, there could be little, if any, use of becoming incorporated. We are of opinion that the assessment was not unreasonable in amount and was legally made, and that the court erred in excluding from the jury the amended record of the proceedings of the directors' meeting of February 16, 1896.

The amended record of the proceedings of the directors' meeting of October 14, 1896, showed the unpaid losses to have been $389.82, and the cash on hand $16.38, and yet the assessment made was more than three times the amount necessary to pay all the liabilities of the company. We are at a loss to understand the object the directors had in view in making so large an assessment. If the purpose was to provide a fund for the payment of future losses, it is sufficient to say that the law under which the company was incorporated gives them no such authority. The only law authorizing the directors to make an assessment is section 12 of the act quoted, and language could not make plainer the fact that the authority given by the section to make assessments can only be exercised after a loss has occurred, and then for the purpose only of paying the loss. This is further evident from section 13 of the law, which provides that in the notice to be given the members assessed, the amount of the loss, and the sum due from each member, as his share of it, shall be stated.

The assessment was void, and the ruling of the court in excluding the original and amended proceedings of October 14, 1896, from the jury, was not error. Farmers' Fire Insurance Co. of Palmyra v. Knight, *supra*.

The defendant below offered to prove that after the first

assessment was made, it caused the plaintiff to be notified of it, as required by law; but the court excluded the evidence, because no legal assessment had been proven, and defendant excepted. What particular facts defendant proposed to prove concerning the notice, what the notice contained, or when it was given, does not appear from the record, and we are unable to determine whether it was sufficient to fix the liability of the plaintiff to pay the assessment or not, and hence we express no opinion about it.

The burden of showing that plaintiff's policy was suspended at the time of his loss rested upon defendant company, and since there was no controversy that plaintiff had not paid the assessment of February 16, 1896, the court should have allowed the defendant to prove that the notice of the assessment had been duly given the plaintiff, if it could do so; and because it did not, we think, under the circumstances, it was the fault of the court that defendant did not make an offer of the notice of the assessment, or a copy of it, and an offer to prove when and how it was served, and had the matters preserved in the bill of exceptions, as the better practice than the course followed.

For the errors sustaining plaintiff's objection to the introduction in evidence of the amended record of the proceedings of the directors' meeting of February 16, 1896, and in refusing to allow defendant to prove that it served notice of the assessment on the plaintiff, as provided by law, the judgment is reversed and the cause remanded.