## S. B. Schofield v. Village of Tampico.

1. ORDINANCES—*Essentials of Their Validity.*—It is essential to the validity of a village ordinance that the vote upon its passage be taken and recorded.

2. SAME—*What is Compliance with the Statute.*—A record of the proceedings of a village board reciting that all the members were present and that the ordinance in question was passed unanimously, is sufficient to show that the ordinance was legally passed.

3. SAME—*What is Sufficient Proof that it was Deposited with the Clerk.*—Upon the trial of a suit for the violation of an ordinance, the production by the village clerk of the original ordinance is sufficient proof, when uncontradicted, to show that it was deposited with such clerk upon its passage.

4. SAME—*Passage of, at Special Meetings.*—An ordinance is not invalid because passed at a special meeting, where it appears that the president and all the trustees were present and participated in the proceedings.

5. SAME—*When Too Comprehensive in Its Provisions.*—The fact that an ordinance is too comprehensive in its provisions and covers cases which the village has no power to control, is no reason why courts should refuse to enforce it in cases over which the power of the village is unquestionable.

Schofield v. Village of Tampico.

**Suits for the Violation of an Ordinance.**—Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

C. L. SHELDON, attorney for appellant.

WHITE & SHELDON, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of conviction upon a liquor ordinance of the village of Tampico.

The appellant was convicted first upon a trial before a justice of the peace, and upon appeal to the Circuit Court of Whiteside County a trial in that court resulted in a second conviction.

The case comes to this court by appeal from the Circuit Court.

There is no controversy upon the facts. Appellant sold intoxicating liquor within the corporate limits of the village of Tampico, in violation of the ordinance.

The only questions are, was the ordinance under which the conviction was had enacted according to law, and if so, was it void upon its face because it is not in express terms limited in its operation to the municipality in which it is alleged to have been adopted.

Barring the official signatures and certificate of passage and publication the ordinance reads as follows:

" State of Illinois, Whiteside county, ss.   Ordinance No. 89.   In relation to the sale of intoxicating liquors.   Be it ordained by the president and board of trustees of the village of Tampico: That whoever not having a license to keep a dram-shop, shall, by himself or another, either as principal, clerk, or servant, directly or indirectly, sell any intoxicating liquors in any quantity, shall be fined not less than twenty dollars nor more than one hundred dollars for each and every offense."

It is claimed that the yeas and nays were not taken upon the passage of the ordinance.

It was essential to its validity that they should be taken and recorded.   The statute in force at the time of the

alleged passage of the ordinance provided that village boards should consist of a president and five trustees. The evidence shows that the village kept two books containing the record of the proceedings of the village board. The two were used in conjunction with each other. The ordinances, together with the vote adopting them, were recorded in one of these books and the ordinary proceedings in the other. The record contained in these two books shows that when the ordinance was under consideration for passage that the president presided at the meeting and that five trustees voted for the adoption of the ordinance. The record in that respect is as follows: Ayes—Kimball, Dennison, Smith, Brown, Booth. Nays—none. This was a compliance with the statute. It was held in Village of Gilberts v. Rabe, 49 Ill. App. 418, that where the record of the proceedings of a village board, which recited that all the members were present and that the ordinance in question was passed unanimously, shows that the ordinance was legally passed.

It is also urged that the ordinance was not deposited with the clerk or signed by the president. The statute requires both to be done. The record shows that the original ordinance was produced by the clerk upon the trial in the Circuit Court and that it was introduced in evidence, bearing the signature of the president. Its production by the clerk, the statutory custodian of the instrument, is sufficient proof, when uncontradicted, to show that it was deposited with that official.

The proposition that the ordinance is invalid because passed at a special meeting, is equally untenable in view of the fact that the president and all the trustees were present and participated in the proceedings.

The only remaining objection to the ordinance is that it is void upon its face because it is not limited in its scope and operation to the territorial boundaries of the village of Tampico.

This prosecution is for a sale of intoxicating liquor conceded to have been made within the corporate limits of the

village of Tampico.   In Kettering v. City of Jacksonville, 50 Ill. 41, the court said:   This was a prosecution by the city of Jacksonville to recover a penalty for violation of an ordinance of the city prohibiting the sale of liquor and beer. The ordinance may be too comprehensive in its provisions, and cover cases which the city has no power to control, but that is no reason why we should refuse to enforce it in cases over which the power of the city is unquestionable.

Finding no error in the record the judgment of the Circuit Court will be affirmed.