## J. H. Ward, Appellee, v. The City of. Du Quoin et al., Appellants.

1. CITIES AND VILLAGES—*power of council to contract.* A city council cannot bind a city by any contract which is beyond the scope of its powers or entirely foreign to the purpose of the corporation.

2. CITIES AND VILLAGES—*power to hire expert accountants.* A city council has power to employ expert accountants to examine the books and records of the city where in the exercise of their discretion they deem such investigation necessary.

3. CITIES AND VILLAGES—*special council meetings.* The irregularity in calling a special meeting of a city council, without filing a statement with the clerk setting forth its purposes and objects, etc., as required by ordinance, is cured where it appears that written notices were sent to all the aldermen stating the object of the meeting and that they were all present.

4. CITIES AND VILLAGES—*appropriation ordinance.* Where no special appropriation has been made by the city council to defray the expenses of having expert accountants audit the books and records, the same may be paid out of the appropriation for miscellaneous purposes.

5. CITIES AND VILLAGES—*appropriation ordinances.* The use of words "contingent," "incidental" or "miscellaneous" as designating an appropriation under an appropriation ordinance amounts to the same thing.

Appeal from the City Court of Du Quoin county; the Hon. ROBERT T. COOK, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded with directions. Opinion filed October 7, 1912.

NELSON B. LAYMAN, for appellants.

M. C. COOK and E. H. CARR, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee, as a taxpayer and resident of the city of Du Quoin, filed his bill praying for an injunction to restrain the appellants, City of Du Quoin and Mayor and Board of Aldermen of said city, from allowing a claim of appellant, The Marwick-Mitchell Company,

and from passing any appropriation ordinance for the payment from any funds of the city of said claim or any similar claim. It was averred in the bill that at a meeting of the city council on July 7, 1911, the council attempted to pass an appropriation ordinance and published the same on July 14, 1911; that the journal of the proceedings failed to show either a record of the yeas and nays, as required by ordinance, or a concurrence of a majority of the members elected to the council, and that by reason thereof the appropriation ordinance was void; that said ordinance does not contain any appropriation to be paid to expert accountants for examining the books, records and accounts of the several departments or any department of the city; that there was an attempted special meeting of the council on July 21, 1911; that no statement in writing calling for said meeting, as required by ordinance, was ever filed in the city clerk's office, as required by ordinance, and that thereby the said special meeting was void; that at said special meeting a majority of the council voted to instruct the finance committee to employ expert accountants to audit the books of the city; that said auditing is a discretionary duty of the council and that said action was void; that said finance committee engaged appellant, The Marwick-Mitchell Company, to audit said books, which it did; that its work had been completed; that its bill would be not less than $750.00 and that its claim for the same would be presented to the council, and that it would be allowed unless the council was prevented by injunction. The bill prayed the city be enjoined from ordering the payment of the bill or any bill of The Marwick-Mitchell Company out of the funds in the city treasury, or that might thereafter come into the treasury, or from making any appropriation of any funds thereafter collected for the payment of said bill, or any similar bill for services theretofore or thereafter rendered for auditing the books of the city. Appellants answered, denying the

material allegations of the bill, and averred the records of the city were incomplete, inaccurate, defective, untrue in many instances and in a chaotic state, so that it was necessary to employ the assistance of experts to aid the city officials in arriving at the correct financial situation of the city, and which condition was not known to the council until after the passage of the annual appropriation ordinance. It was further admitted that The Marwick-Mitchell Company was employed as experts; that its claim was just and that the council was disposed to pay it.

The cause was submitted upon oral evidence. The chancellor found the equities with complainant and entered a decree perpetually enjoining the city council from allowing and paying the claim of The Marwick-Mitchell Company, and restraining the latter from presenting any claim for its services or from instituting any suit at law or in equity to collect its claim for such services.

The testimony shows that appellant, The Marwick-Mitchell Company, was employed by the city council to audit the books of the city; that they performed the services and presented a bill for the same, amounting to the sum of $770.41.

In support of the findings and decree of the chancellor, appellee relies upon the following propositions:

That the council had no power under the law and the ordinances to employ The Marwick-Mitchell Company to audit the books and accounts of the city.

That such auditing was provided for by the law and the ordinances of the city.

That there was no provision or item in the annual appropriation ordinance creating a fund from which such expense could be paid.

The only provision we find for the examination of the books and records of the city is section 26 of article 2 of the act entitled "Cities, Villages and Towns," which provides that the mayor shall at all times have

power to make examination of the books, records and papers of any office of the city. Whether the city council may employ expert accountants to aid the mayor in the performance of that duty, or whether the duty is to be performed by the mayor without such assistance, the statute does not expressly say. Section 63 of the same statute, in defining the powers of the city council, authorizes the council to appropriate money for corporate purposes only, and provides for the payment of debts and expenses of the corporation. This section by implication authorizes the council to incur expenses, but only such as are within the scope of its powers. The council cannot bind the city by any contract which is beyond the scope of its powers, or entirely foreign to the purpose of the corporation. Dillon, Mun. Corp. (4th Ed.) § 457. In City of Chicago v. Williams, 182 Ill. 135, it was sought to compel the city to pay out of its contingent fund the expense of defending damage suits brought against the city officers for torts for which they were individually liable only. It was held in that case that the city could not lawfully contract for stenographic work done not for the city, but for officers of the city individually liable for their own torts. It was said: "Public corporations may, by their officers and properly authorized agents, make contracts the same as individuals and other corporations in matters that appertain to the corporation. 1 Dillon, Mun. Corp. (4th Ed.) § 445. The matters, involved in the contract here in controversy, do not necessarily appertain to the municipality."

It seems to be within the general scope of the powers of the city council to contract in matters which pertain to the corporation. Where the books and records of a municipal corporation, whose officers have the custody and handling of the public revenues and funds, are in an involved and chaotic condition, it is manifestly to the interest of the municipality to have an investigation to determine whether there has been

an honest and correct handling of the funds, and it is a matter which appertains to the municipality. While the mayor, as before stated, is clothed with the power of examination, it is for the council in its discretion to determine whether the investigation is one requiring the aid of skilled experts, and if so to employ them. When the council in this case unanimously directed the finance committee to employ expert accountants to examine the books, it was acting within the scope of its authority, and the employment of The Marwick-Mitchell Company was lawful, and it is not material whether it turned out to be wise or unwise; that was a question for the city council in its discretion to determine.

It is complained, however, that the special meeting of the council of July 21, at which the employment of experts to examine the books was directed, not being held in conformity with an ordinance providing for special meetings, was illegal. The ordinance provided that special meetings might be called by the mayor or any three aldermen filing with the city clerk a statement in writing, setting forth the purposes and objects of such special meeting, and directing the clerk to give notice thereof. The ordinance further provided that the clerk should immediately cause to be served upon each member of the council and the city attorney, personally, a notice of such special meeting and the time of assembling. The testimony of the city clerk shows that no statement in writing was filed with the clerk setting forth the purposes and objects of the meeting and directing him to give notice thereof; but his testimony further shows that he delivered and sent notices to all the aldermen, stating the object of the meeting. It further appearing all the aldermen were present, this cured any irregularity in securing their presence, which is the only purpose of the direction to the city clerk, and the notice required to be given by the ordinance.

The motion having been adopted at the special meet-

ing by the unanimous vote of the members of the council, the proceeding was legal. Schofield v. Village of Tampico, 98 Ill. App. 324.

It is contended that no contract can be made or expense incurred unless the objects of the contract or expenditure shall have been included in the annual appropriation ordinance, and as none was therein made to audit the books and records, this claim cannot be paid from any fund appropriated. It is true no appropriation was made for that special purpose, and at the time of the passage of said ordinance no such expenditure was contemplated.

The total amount appropriated by said ordinance for divers purposes specified was $33,700. Among the items was one for $1,000 for "Miscellaneous" purposes. This is the only item in the ordinance that appellants claim can be expended for the purpose of auditing the books, and it is earnestly insisted by appellee it cannot be used for that purpose.

Paragraph 2, art. 7, of the act entitled "Cities, Villages and Towns," provides that the city council in cities shall within the first quarter of each fiscal year pass an annual appropriation ordinance in which may be appropriated such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of the city, and in such ordinance shall be specified the objects and purposes for which the appropriation is so made, and the amount appropriated for each object or purpose. Paragraph 3 provides that no expenditure shall be made beyond the amount provided for in the appropriation for that year, saving certain exceptions not material to state. Paragraph 4 provides that no contract shall be made by the council or any committee or member thereof and no expense incurred, whether the object of the expenditure shall have been ordered by the city council or not, unless an appropriation shall have been previously made concerning such expenses.

In the case of People v. Cairo, V. & C. Ry. Co.. 247

Ill. 363, it was said: "A contingent fund is necessary for all municipal corporations. The reason for making such a levy is to provide a fund, usually a small one, out of which items of expenses which will necessarily arise during the year, and which cannot appropriately be classified under any of the specific purposes for which other taxes are levied, may be paid. If all of the purposes for which a contingent fund could be used could be foreseen, so as to enable the municipality to specify each particular purpose, then no contingent fund would be necessary. Every detailed item of expense would be classified under its appropriate name. It is because it is impracticable to always provide in advance for incidental expenses that will arise during the year that a contingent fund is usually provided by the various municipalities of the state." See also People v. Chicago & E. I. R. Co., 249 Ill. 551.

It is immaterial whether the purposes of such appropriation is designated as "contingent," "incidental" or "miscellaneous." It is clear that the appropriation is made to meet unforeseen expenses that may arise and cannot then be appropriately classified. The words are used interchangeably and mean the same thing. The "miscellaneous" appropriation here was small, compared with the entire sum appropriated, and it was within the power of the council to make it. After a consideration of all questions raised by appellee's brief, we conclude the employment of The Marwick-Mitchell Company was within the power of the council, and that the miscellaneous fund could lawfully be devoted to its payment.

The decree of the Circuit Court is reversed and the cause remanded with directions to dissolve the injunction and dismiss appellee's bill.

*Reversed and remanded with directions.*