## C. N. Tedrick, Plaintiff in Error, v. Vandalia Mutual County Fire Insurance Company, Defendant in Error.

1. INSURANCE, § 164*—*when question of reasonableness of assessment is for jury.* In an action against a mutual life insurance company to recover for fire loss, where the defense was that plaintiff was in default in the payment of an assessment at the time of the fire, and where plaintiff claimed that the assessment was illegal on the ground of being excessive, *held* that the question as to whether the amount of the assessment was reasonable was one of fact for the jury.

2. INSURANCE, § 163*—*when determination of amount of assessment by mutual fire insurance company is within discretion of*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Tedrick v. Vandalia Mutual County Fire Ins. Co., 206 Ill. App. 299.

*directors.* In an action against a mutual fire insurance company to recover for fire loss, where the defense was that plaintiff was in default in the payment of an assessment at the time of the fire, and plaintiff claimed that the assessment was void on the ground of being excessive, section 12 of the Act in reference to county fire insurance companies (J. & A. ¶ 6348), providing for the making of assessments, considered, and *held* that the directors might exercise a reasonable discretion in determining the amount necessary to be raised.

3. INSURANCE, § 166*—*when evidence sufficient to show fire insurance assessment is reasonable.* In an action against a mutual fire insurance company to recover for a fire loss, evidence *held* sufficient to show that an assessment, which it was claimed plaintiff had not paid, was reasonable.

4. INSURANCE—*what is nature and purpose of mutual fire insurance company assessment to pay loss.* In an action against a mutual fire insurance company to recover for fire loss, where the defense was that plaintiff was in default in the payment of an assessment at the time of the fire, and plaintiff claimed that the assessment was void for the reason that the assessment was simply a call for the payment of a part of the premium note given by plaintiff, and was not an assessment upon all property to the amount for which the several pieces of property were insured, taken in connection with the rate of premium under which it might be classified, section 13 of the Act in reference to county fire insurance (J. & A. ¶ 6349) providing that every member of the insurance company shall be notified of the sum due from him, and Section 14 (J. & A. ¶ 6350) authorizing the bringing of an action in case of failure to pay, and section 9 (J. & A. ¶ 6345) allowing the company to classify the property insured under different rates according to the hazard of the risk. considered, and *held* that the plaintiff's contention was untenable, as it was evident from the statute that the assessment was not intended to be *in rem* or a lien on or collectible out of the insured property, but only as a personal liability of the policy holder.

5. INSURANCE, § 162*—*what is effect of failure to make payment of mutual fire insurance assessment in time.* Where a member of a mutual fire insurance company fails to make payment of an assessment within the time prescribed, if the action of the directors in making the assessment was authorized by law, such member cannot recover for any loss sustained by him.

6. INSURANCE—*when mutual fire insurance assessment is void.* Where the managers of a mutual fire insurance company in the making of an assessment go beyond all reasonable limits and make

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such assessment largely in excess of the amount required to pay the loss, the assessment will be void and may be disregarded by the members.

7. INSURANCE—*when mutual fire insurance assessment is in compliance with law.* In an action against a mutual fire insurance company to recover for loss, where the defendant refused payment on the ground that an assessment had not been paid by plaintiff, and plaintiff contended that the assessment was not made according to the statute, and where it appeared that the premium note in the policy in question and in all others issued by the company was determined by the amount for which the particular property was insured, taken in connection with the rate of premium under which it was classified, *held* that such assessment was in compliance with the statute.

Error to the Circuit Court of Fayette county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

ALBERT & ALBERT, for plaintiff in error.

BROWN & BURNSIDE, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Defendant in error, the Vandalia Mutual County Fire Insurance Company, is organized under "An Act to Organize and Regulate County Fire Insurance Companies," in force July 1, 1877 (J. & A. ¶ 6377 *et seq.*). On November 8, 1912, it insured plaintiff in error's house, barn and other property against loss or damage by fire or lightning in the sum of $1,120, for a period of five years. At the time the policy was issued plaintiff in error executed to the company his premium note for $22.40 payable, "In such portions and at such times as the directors of said company may, agreeably to their Act of Incorporation, require." The policy provides: "In case the assured fails to pay his assessments by the time specified, then

this policy shall cease to be in force and remains null and void during the time such assessment remains due and unpaid.'' August 21, 1914, a barn and some hay covered by the policy were destroyed by fire. Proof of the loss was made but the company refused 'to pay and suit was brought on the policy.

The defense relied upon was that before the fire the directors had made an assessment which became due August 15, 1914, and that, though plaintiff in error had been notified of this assessment, he had failed to pay it, and in consequence the policy had ceased to be in force and was null and void at the time of the fire. Plaintiff in error claims the assessment had been illegally made and was void, and that therefore he was not bound to pay it. The case was tried in the Circuit Court of Fayette county before a jury and a verdict was returned finding the issues for the defendant. After overruling a motion for a new trial, the court entered judgment on the verdict and against plaintiff for costs and the case comes to this court on writ of error. Plaintiff in error assigns as reasons why the assessment was illegal that it was not made in the manner required by statute and was excessive.

As plaintiff in error failed to make payment of the assessment within the time prescribed, then, if the action of the directors in making the assessment was authorized by law, it is clear he could not recover. *Farmers' Mut. Fire Ins. Co. of Palmyra v. Knight*, 162 Ill. 470. We will first consider the question whether the assessment was excessive. Section 12 of the Act in reference to county fire insurance companies above mentioned provides (J. & A. ¶ 6348):

''Whenever the amount of any loss shall have been ascertained which exceeds in amount the cash funds of the company, the president shall have the power to borrow money not to exceed one-tenth of one per cent of all the property insured with which to pay said loss,

and when the amount of said loss shall exceed one-tenth of one per cent of all property insured, the president shall convene the directors of said company, who shall make an assessment upon all property to the amount for which the several pieces of property is insured, taken in connection with the rate of premium under which it may be classified: *Provided*, that if no quorum be present the secretary shall enter the fact upon his journal and the names of the directors present, whereupon the president, secretary and treasurer shall proceed to estimate the rate per cent necessary to cover the loss and expense thereby incurred, and assess the same upon all insured property of the several members of said company, which assessment shall be valid, and shall be collected in the same way as though it had been made by the board of directors: *Provided*, that at the time said assessment is made said assessment shall be made for an amount sufficient to pay all indebtedness of said company up to the time said assessment is made.''

On July 8, 1914, the directors of the company held their regular quarterly meeting, and the minutes of that meeting contain, among other things, the following: ''The board finding the liabilities amounting to $3,611.94, and the cash funds on hand amounting to $27.70, on motion an assessment of ten per cent. was levied on all premium notes liable therefor, payable on or before August 15, 1914.'' Such an assessment would produce about $4,700. Plaintiff in error was notified of this assessment and the proof shows he had not paid it at the time of the fire, which occurred six days after the last day for payment. Section 12, *supra*, provides that when an assessment is made it shall be for enough to pay all indebtedness of the company up to the time of the assessment. There was evidence tending to show the indebtedness of the company when this assessment was made was some $300 in excess of the amount of $3,611.94 mentioned in the record of the meeting. It is true that the Supreme Court

304    Appellate Courts of Illinois.

Tedrick v. Vandalia Mutual County Fire Ins. Co., 206 Ill. App. 299.

of this State in *Farmers' Mut. Fire Ins. Co. of Palmyra v. Knight, supra,* held that such a company as plaintiff in error has no "power to build up a surplus fund to pay future losses." The opinion in that case, however, does not hold the directors can only levy an assessment exactly sufficient to pay the existing indebtedness and no more, but expressly states: "Where a loss occurs the managers may exercise a reasonable discretion in determining the amount necessary to be raised. There will always be more or less expense in the collection of an assessment, and there may be insolvent members from whom collections cannot be made. These and other like matters are proper to be considered by the managers in fixing the amount of an assessment. But where the managers go beyond all reasonable limits and make an assessment largely in excess of the amount required to pay the loss, as was done in this case, the assessment will be void and may be disregarded by the members." In that case the assessment was more than six times the amount of the indebtedness. To the same effect is the holding of the Appellate Court of this district in the case of the *Vandalia Mut. County Fire Ins. Co. v. Peasley,* 84 Ill. App. 138. The Legislature evidently did not intend that such a company should never have any cash on hand, as the statute provides for the borrowing of money and making an assessment only when the amount of any loss shall exceed the cash funds on hand.

The question as to whether the amount of the assessment was reasonable was one of fact to be determined by the jury, and there is proof to sustain the verdict. The instructions as given, when considered as a whole, fairly advised the jury of the law in the case and were free from material error. Counsel for plaintiff in error insists that the assessment was simply a call for the payment of a part of the pre-

mium note given by plaintiff in error and was not "an assessment upon all property to the amount for which the several pieces of property is insured, taken in connection with the rate of premium under which it may be classified," as provided by statute. We do not agree with counsel in this contention. It is evident from a reading of the statute that the assessment was not intended to be *in rem* or a lien on or collectible out of the insured property, but only as a personal liability of the policy holder. Section 13 of the said Act (J. & A. ¶ 6349) provides that whenever an assessment is made every person composing the company shall be notified of "the sum due from him as his share thereof," and section 14 (J. & A. ¶ 6350) authorizes the bringing of a suit against any member neglecting or refusing "to pay any assessment made upon him." Section 9 (J. & A. ¶ 6345) allows any such company to classify the property insured under different rates according to the hazard of the risk. Such a difference in the rates of insurance would render an assessment of a certain per cent. of the amount of insurance carried by each policy holder unequal and unjust. It is possible for one policy holder to have several pieces of property insured under different rates, and an assessment of a certain per cent. of the insurance carried by him would give him no benefit of the classification of the rates of insurance. The provision that an assessment shall be made "upon all property to the amount for which the several pieces is [are] insured, taken in connection with the rate of premium under which it may be classified," obviates any injustice in an assessment and makes the same proportionate to the amount and rate of insurance. It is a means of providing that each policy holder shall pay his proportionate share of the losses and expenses according to the amount of insurance he carries and the rate of premium he pays on his several pieces of prop-

erty insured. The amount of the premium note in this policy, and in all policies issued by the company, as shown by the evidence, was determined by the amount for which the particular property was insured, taken in connection with the rate of premium under which it was classified. Thus an assessment of ten per cent. of the premium notes would result in all property insured, or its owners, paying the assessment in proportionate shares according to the amount of insurance, taken in connection with the rate of premiums under which it was classified, and this is the result contemplated by the statute. It is not claimed plaintiff in error was assessed more than his proportionate share of the assessment. While this particular question does not appear to have been before the court at that time, yet it was stated by this court in *Vandalia Mut. County Fire Ins. Co. v. Peasley, supra,* that in the opinion of the court an assessment made by the same company and in the same manner as the one under consideration in this case was legally made. We are of the opinion the assessment was made in substantial compliance with the statute, and the judgment is accordingly affirmed.

*Affirmed.*

Mr. Justice McBride having tried this case in the court below, took no part here.