(No. 14927.—Judgment affirmed.)

THE PEOPLE *ex rel.* A. Bothfuhr, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1922.*

1. TAXES—*paragraph 6 of section 25 of Counties act for levying tax for State aid roads is not invalid.* The provision of paragraph 6 of section 25 of the Counties act, as amended in 1921, for a tax of twenty-five cents on the $100 for improving and maintaining State aid roads, is not invalid as discriminating between counties where the same tax has otherwise been authorized by a vote of the people, as such provision is not a discrimination but a reasonable and necessary exception.

2. SAME—*a levy for improvement and maintenance of State aid roads is for a single purpose.* A tax levy for the improvement and maintenance of State aid roads and the procuring of material therefor is for a single purpose within the meaning of section 121 of the Revenue act, providing that when a levy is for several purposes the amount for each purpose shall be stated separately.

3. SAME—*when county cannot levy additional road tax.* Under paragraph 6 of section 25 of the Counties act, as amended in 1921, no county can levy the additional tax for State aid roads therein provided for if a tax for the same purpose has been authorized in such county by a vote of the people.

THOMPSON, C. J., and STONE, J., dissenting.

APPEAL from the County Court of Kankakee county; the Hon. JAMES T. BURNS, Judge, presiding.

W. R. HUNTER, for appellant.

ANKER C. JENSEN, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This appeal is by the New York Central Railroad Company from a judgment of the county court of Kankakee county for a county highway tax.

At the September session of the county board of Kankakee county in 1921 the board levied a rate of fifty cents

on the $100 valuation of taxable property for general county purposes and an additional rate of twenty-five cents for a county highway tax, in the following language: "And the sum of $68,000 as a 'county highway tax,' for the purpose of improving, maintaining and repairing the State aid roads required to be improved, maintained and repaired by the county, and for the payment of lands, quarries, pits or other deposits of road material required by the county for such purposes." No vote of the people authorized the levy.

Counsel for appellant contends that there was no valid law authorizing the levy and it was therefore void. The act purporting to give county boards power to levy such a tax was enacted in 1921 amending sections 25 and 27 of the law in relation to counties, and the sixth paragraph of section 25 as amended is as follows: "To cause to be annually levied and collected, taxes for county purposes, including all purposes for which money may be raised by the county by taxation, not exceeding fifty cents on the $100 valuation, * * * and also in addition thereto an annual tax not to exceed twenty-five cents on the $100 valuation for the purposes of improving and maintaining the State aid roads and of paying the interest and principal of bonded indebtedness heretofore duly authorized for the construction of State aid roads in the county, unless additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people of the county." (Laws of 1921, p. 385.) The argument is that this statute is void because it discriminates between counties where additional taxes for improvement and maintenance of State aid roads have otherwise been authorized by a vote of the people of the county, and counties where such vote has not been taken under existing laws. Such provision might have been made so that a levy under this section would be useless and there would be two taxes for the same purpose. That is not discrimination but a reasonable and necessary exception. The paragraph in question

applies to every county where a vote has not been taken for the same purpose, and if there has not been such a vote this law applies.

The next proposition of counsel is that the levy was for seven separate and distinct purposes and for that reason was void.

Section 121 of the Revenue act as amended in 1921 is as follows: "The county board of the respective counties shall, annually, at the September session, determine the amount of all county taxes to be raised for all purposes. The aggregate amount shall not exceed the rate of fifty cents on the $100 valuation, except for the payment of indebtedness existing at the adoption of the present State constitution, and except for the improvement and maintenance of State aid roads and for the payment of principal and interest of bonds duly authorized for the construction of State aid roads, unless authorized by a vote of the people of the county. When for several purposes, the amount for each purpose shall be stated separately." (Laws of 1921, p. 761.)

Section 14 of the act in relation to State highways is as follows: "For the purpose of improving, maintaining and repairing the State aid roads required to be improved, maintained and repaired by the county and for the payment of lands, quarries, pits or other deposits of road material required by the county for such purpose, the county board shall have power to levy an annual tax to be known as 'county highway tax.' Said tax shall be in addition to the maximum of all other county taxes which the county is now or may hereafter be authorized by statute to levy upon the aggregate valuation of all taxable property within the county, and the county clerk in reducing tax levied as and when required so to do by virtue of the provisions of an act entitled, 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as subsequently amended, shall not consider said 'county highway tax' as a part of the tax levy of the county required to be

included in the aggregate of all taxes to be reduced, and no reduction of any tax levy made under the provisions of said last mentioned act and amendments thereto shall diminish any amount appropriated or levied for said 'county highway tax.' Said 'county highway tax' together with all other county taxes, shall not exceed the present constitutional limitation unless otherwise authorized by a vote of the people of the county. All moneys derived from the 'county highway tax' shall be placed in a separate fund to be known as the 'county highway fund' and shall be used for no other purpose." (Laws of 1921, p. 793.)

The provision of section 121 of the Revenue act that when a levy is for several purposes the amount for each purpose shall be stated separately applies to every levy made by the county board, but the levy made for the improvement and maintenance of the State aid roads was for a single purpose. The levy for improvement and maintenance of a highway without material for that purpose would not be complete or effective, and procuring material was included in the single purpose for which the highway tax was levied.

The judgment is affirmed.   *Judgment affirmed.*

Mr. CHIEF JUSTICE THOMPSON, dissenting:

Counsel for the objector in this and other cases considered by the court at this term contend that the county board in a county where additional taxes have been authorized by a vote of the people of the county for highway purposes has no authority to levy any part of the annual tax of twenty-five cents authorized by paragraph 6 of section 25 of the County act. This section authorizes the county board to cause to be annually levied and collected taxes for county purposes not exceeding fifty cents on the $100 valuation, "and also in addition thereto an annual tax not to exceed twenty-five cents on the $100 valuation, for the purposes of

improving and maintaining the State aid roads and of pay-
ing the interest and principal of bonded indebtedness here-
tofore duly authorized for the construction of State aid
roads in the county, unless additional taxes for said bonds
and interest or improvement and maintenance have other-
wise been authorized by a vote of the people of the county."
It is contended, and the opinion of the court in this case
seems to hold, that the last clause in this paragraph means
that the additional tax of twenty-five cents cannot be lev-
ied where the legal voters of the county have otherwise
authorized an additional tax for highway purposes. As I
read this paragraph, the last clause is not a limitation on
the authority of the county board to levy the additional tax
of twenty-five cents, but it is a limitation on the authority of
the county board to levy a tax exceeding twenty-five cents
except where the people have authorized, by a vote upon the
question, an additional tax exceeding that amount. For in-
stance, if the county board desires to levy an annual tax of
forty cents on the $100 valuation for the purpose of im-
proving and maintaining the State aid roads of the county,
it would be necessary to have an affirmative vote of the
legal voters of the county authorizing the excess of fifteen
cents before the county board would have authority to make
the forty cent levy.

The authority to levy the annual tax of twenty-five cents
for highway purposes was given to the several county boards
by an amendment to the County act which became effective
July 1, 1921. It seems clear that the legislature intended
that the county board in every county should have authority
to levy an annual tax not to exceed twenty-five cents on
the $100 valuation for highway purposes, but it is equally
clear that it did not thereby intend to authorize double tax-
ation in counties where the legal voters had theretofore
authorized the county board to levy an additional tax for
the same purpose. Therefore, where the legal voters have,
prior to July 1, 1921, authorized an additional highway

tax, the county board must take into consideration this additional tax. in making its annual levy, and not levy an amount to exceed twenty-five cents on the $100 valuation for highway purposes unless the people of the county have by a vote on the question authorized it to levy an amount in excess of twenty-five cents.

Mr. JUSTICE STONE, also dissenting:

I do not concur in the construction adopted in the opinion that clause 6 of section 25 of the Counties act prevents the levy of any tax under it where the people of the county, prior to the passage of the act, voted any amount of tax for State aid roads, nor in the conclusion of the opinion that such construction does not render the clause void as contravening section 22 of article 4 of the constitution, preventing the passage of local or special laws regulating county affairs.

Considering first the effect of the construction adopted in the opinion, I am of the opinion that such construction necessarily renders said clause unconstitutional.   A local law is one that relates only to a territorial portion of the State, and a special law is one granting some special privilege, right or immunity or imposing some particular burden upon but a portion of the people of the State.   (*People* v. *Wilcox,* 237 Ill. 421.)   While counties may be classified where a reasonable basis for the classification exists, the limitation in this clause, relating, as it does, to counties possessing powers equal in all other respects to any other county but which before the passage of the act had voted taxes for State aid road purposes, places those counties, if the construction of the opinion be the correct one, in a class where they are deprived of powers, rights and privileges conferred on other counties,—and this without regard to the amount of the tax voted by them and without opportunity of choice.   Such, in my opinion, is not a reasonable basis for classification.   In *Kennedy* v. *McGovern,* 246 Ill.

497, this court considered an act which made highway commissioners in counties not under township organization personally liable for injury to persons or property by reason of their failure to keep the highways of the district in repair but imposed no such condition in counties under township organization. While the statutes provide for all counties the right to choose whether they will adopt or abolish township organization, the act was held invalid as special legislation. In *People* v. *Fox*, 247 Ill. 402, an act providing that certain road and bridge taxes should be paid over to the city treasurer in cities of 20,000 inhabitants but not applying to villages or cities of less population was held void for the reason, as stated by the court: "The fact that a municipality has adopted the form of government provided for cities affords no reasonable basis for conferring upon it the benefits and privileges withheld from villages of equal population, differing from cities only in that they have not thought proper or desirable to incorporate as cities." Numerous counties prior to the passage of the clause of the Counties act in question had voted State aid road taxes at rates ranging from five cents upward, and I can see no reasonable basis for putting them into a class which is denied the right to levy any part of the twenty-five cent State aid road tax authorized under section 25.

I am further of the opinion that such construction of the act is not warranted and not in accordance with the intention of the legislature. The fact that several counties had voted this tax must have been within the knowledge of that body when the amendment was passed. The system of improved roads is constantly increasing in mileage in each county, and to say that the legislature intended that because the people of a county had previous to the passage of the amendment voted a small amount of money to provide for the small mileage then in such county they should not have the opportunity to meet the demand for an

increased mileage under the broader system of highway legislation of the State, is to ascribe to the legislature an intention to work a hardship not only on the people of the county voting this small tax but on the road-users throughout the State who have occasion to use such roads. Such could not have been the legislative intention. It is a well-settled canon of construction that if a law may be so construed as to render it unobjectionable to the provisions of the constitution, it is the duty of the court to place that construction upon it. The legislative intention here is shown by the fact that on the date on which this amendment was passed, and by the same act, section 27 of the Counties act was so amended as to exclude State aid roads from the limitation for county purposes. At the same time and for the same purpose a like amendment was made of section 121 of the Revenue act. It seems clear to me that by these amendments the legislature intended that all the counties of the State should have a right to levy a State aid road tax, in addition to the county tax permitted, up to the amount of twenty-five cents on each $100 valuation, and that the language, "unless additional taxes * * * have been otherwise authorized by a vote of the people of the county," should be construed as a limitation on the amount of tax which such county might levy, rather than a denial of the right to levy any taxes at all. It seems clear that this clause of section 25 can be construed as limiting the power of the county board to a levy of State aid road taxes not greater in amount than that part of twenty-five cents on the $100 valuation not already voted by the people of the county, and that it should be so construed.