(No. 14915.—Reversed and remanded.)

THE PEOPLE *ex rel.* John W. Lewis, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1923.*

TAXES—*amendment of 1921 to paragraph 6 of section 25 of the Counties act is valid—application.* Paragraph 6 of section 25 of the Counties act, as amended in 1921, is valid but does not authorize an additional tax of twenty-five cents for State aid roads in a county where an additional tax of fifteen cents is being levied annually to pay accrued interest and maturing bonds issued for improving State aid roads, which bonds and annual tax were authorized by a vote of the people of the county at an election held prior to the amendment. (*People* v. *New York Central Railroad Co.* 305 Ill. 434, and *People* v. *Chicago and Eastern Illinois Railway Co.* id. 454, followed.)

THOMPSON, C. J., dissenting.

APPEAL from the County Court of Clark county; the Hon. EDWARD PEARCE, Judge, presiding.

P. J. KOLB, and S. M. SCHOLFIELD, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant.

EVERETT CONNELLY, State's Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The board of supervisors of Clark county by resolution levied a tax of fifty cents on the $100 assessed valuation for general county purposes, fifteen cents on the $100 to pay bonds and interest, issued for the purpose of improving and maintaining State aid roads, and twenty-five cents "for State aid roads improvement and maintenance." Appellant objected to judgment for the latter tax, which is properly "county highway tax." The county court overruled the objection, rendered judgment for the tax, and this appeal is prosecuted from that judgment.

Clark county had in 1917 voted to issue $112,000 bonds in denominations of $500, maturing in ten annual series, bearing interest at five per cent, for improving State aid roads located in said county, described as follows: Beginning on what is known as the Old National road at the Indiana-Illinois State line and extending along said road in a southwesterly direction for a distance of eight miles. The road was to be improved by a concrete slab fifteen feet wide, and the total width of the graded roadway was to be thirty feet. An annual tax for different amounts was authorized to be levied for ten years to pay the interest and principal of the bonds as they matured. The amount required to pay interest and the principal of bonds maturing July 1, 1922, was $14,700. To raise that amount a tax of fifteen cents on the $100 assessed valuation was levied for 1921. A levy of fifty cents on the $100 was made for general county purposes, and an additional levy of twenty-five cents on the $100 was made for "State aid roads improvement and maintenance," which is the tax authorized by section 14 of the act of 1921 in relation to State highways and denominated "county highway tax."

Various questions are raised as to the validity of the county highway tax which have been decided against appel-

lant's contention and will not be here discussed. *People v. New York Central Railroad Co.* 305 Ill. 434; *People v. Chicago and Eastern Illinois Railway Co.* id. 454; *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (*ante*, p. 459.)

There is only one question presented which has not been decided in the cases we have above cited. Clause 6 of section 25 of chapter 34, as amended in 1921, fixes the maximum tax rate, with certain exceptions, which may be levied for county purposes without a vote of the people, at fifty cents on the $100 assessed valuation. One of the exceptions to that limit is a tax of twenty-five cents on the $100 assessed valuation for improving and maintaining State aid roads and paying bonded indebtedness previously authorized for the construction of State aid roads in the county, "unless additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people of the county." Clark county had prior to 1921 voted bonds for the purpose of "improving State aid roads located in said county" and had authorized the levy of an annual tax to pay them as they matured. Under that authority the board levied a tax in 1921 of fifteen cents on the $100 to raise $14,700, the amount to pay principal and interest on bonds due July 1, 1922. Having voted to levy, and having levied, additional taxes to improve State aid roads, the levy of the further tax of twenty-five cents on the $100 was unauthorized and the tax invalid. That was held to be the law in the cases above cited.

The court erred in overruling appellant's objections to the county highway tax. The judgment is reversed and the cause remanded, with directions to the county court to sustain the objections to that tax.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE THOMPSON, dissenting.