(No. 15124.—Judgment reversed.)

THE PEOPLE *ex rel.* W. H. Weatherford, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed June 20, 1923.*

1. TAXES—*paragraph 6 of section 25 of the Counties act, as amended in 1921, is not invalid.* Paragraph 6 of section 25 of the Counties act, as amended in 1921, is not invalid as discriminating between counties in which additional taxes for State aid roads have been authorized by vote of the people and counties where such vote has not been taken, but the provision is a reasonable and necessary exception to avoid two taxes for the same purpose.

2. SAME—*tax for improving, maintaining and repairing State aid roads is for a single purpose.* A tax levied for the purpose of improving, maintaining and repairing State aid roads is for a single purpose and is not required to be itemized.

3. SAME—*section 14 of State Highways act of 1921 does not amend Juul law.* Section 14 of the State Highways act of 1921, providing that no reduction of the county highways tax authorized thereunder shall be made under the provisions of the Juul law, is not an amendment of the latter statute, but the State Highways act is complete in itself and authorizes the levy of a county highway tax in addition to the statutory limit for county taxes, provided the total levy does not exceed the constitutional limit of seventy-five cents.

4. SAME—*section 45 of Counties act requires aye and nay vote on proposition to levy highway tax.* The levy of a county highway tax authorized by paragraph 6 of section 25 of the Counties act and the State Highways act of 1921 is an appropriation of money for highway purposes, and in counties not under township organization section 45 of the Counties act, as amended in 1921, requires that such an appropriation be made by a vote taken by ayes and nays and entered on the record of the meeting of the county board.

APPEAL from the County Court of Morgan county; the Hon. PAUL SAMUELL, Judge, presiding.

BELLATTI, BELLATTI & MORIARTY, (N. S. BROWN, and L. H. STRASSER, of counsel,) for appellant.

CARL E. ROBINSON, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the August term, 1922, of the county court of Morgan county the county collector applied for judgment against the property of the appellant, the Wabash Railway Company, for a delinquent county highway tax of twenty-five cents on each $100 valuation of such property. The appellant filed objections, which were overruled, and judgment was entered for $1287.40, the amount of the tax. From that judgment this appeal was prosecuted.

The tax was levied by virtue of the sixth paragraph of section 25 of the act revising the law in relation to counties, as amended in 1921, (Laws of 1921, p. 385,) and section 14 of the act in relation to State highways, (Laws of 1921, p. 793,) and every question raised by the objections relating to the validity of the acts and the authority to levy the tax has been decided contrary to the claims of the appellant. The sixth paragraph of section 25 is not invalid as discriminating between counties in which additional taxes have been authorized by a vote of the people and counties where such a vote has not been taken, but the pro-

vision is a reasonable and necessary exception to avoid two taxes for the same purpose. (*People* v. *New York Central Railroad Co.* 305 Ill. 434; *People* v. *Chicago and Eastern Illinois Railway Co.* id. 454; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 id. 459; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 307 id. 298.) The tax was levied for the purpose of improving, maintaining and repairing State aid roads required to be improved or repaired, and this was a single purpose. The tax was levied to carry out that single object by expending the money wherever circumstances might require, whether on a bridge or some other part of the highway, and was not for several purposes, where the amount for each purpose must be stated separately. (*People* v. *New York Central Railroad Co. supra; People* v. *Chicago, Burlington and Quincy Railroad Co. supra.*) The act did not amend the Juul law without setting forth the provision of that law for scaling taxes, but the act was complete in itself and provided that no reduction should be made under the provisions of the Juul law. The act authorizes the levy of a county highway tax in addition to the statutory limit of fifty cents on the $100 for all other county taxes, and a tax is not invalid if it does not exceed the constitutional limit of seventy-five cents. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra; People* v. *Chicago and Eastern Illinois Railway Co. supra.*) The tax, together with the levy for other county purposes, did not exceed seventy-five cents.

The act to revise the law in relation to counties contains provisions specially applicable to the board of county commissioners in counties not under township organization, and section 45 as amended in 1921 is as follows: "A majority of the members of said board shall constitute a quorum to do business, and, in the absence of the chairman, a chairman *pro tem* may be appointed. The board shall sit with open doors, and all persons may attend their meetings.

The vote on all propositions to appropriate money from the county treasury shall be taken by 'ayes' and 'nays' and entered on the record of the meeting." (Laws of 1921, p. 387.)

The record of the board of county commissioners ordering the levy of the tax was offered in evidence by the appellant in support of its objection that the statute was not complied with. It contained a record of the meeting of the board at its regular September term on September 23, 1921, at which the board ordered the levy of a county highway tax in the sum of $70,000 and directed the county clerk to extend the tax on the property valuation that would obtain that amount, not to exceed, however, twenty-five cents on each $100 valuation of property equalized and assessed for said year,—in all, the sum of $70,000, to be used for the purposes therein set forth. There was no other record of a levy or an appropriation of the money to be realized by the tax, and no attempt was made to comply with section 45 by that or any other order. The record does not show a vote upon the question by ayes and nays or otherwise, but it purports to authorize the levy of a tax to be used for the purpose of improving, maintaining and repairing State aid roads required to be improved.

The question what amounts to an appropriation of money under an authority to levy a tax for a specific purpose arose and was decided in *Perkins* v. *Board of County Comrs.* 271 Ill. 449. The Forest Preserve act authorized the issuing of bonds for the purpose of creating and managing a forest preserve district, and the board of county commissioners of Cook county, assuming to act as the board of forest preserve commissioners of that county, adopted an ordinance authorizing $1,000,000 of bonds and the levy of an annual tax to pay the interest and principal of the bonds. It was held that a fair construction of the ordinance was that it appropriated $1,000,000 in the form of a credit of the district, and was, in effect, an ordinance appropri-

ating money within the meaning of section 11 of the act authorizing the organization of the district.

In *People* v. *Day,* 277 Ill. 543, a tax had been levied by the Sanitary District of Chicago in three items: one for the payment of the principal on maturing bonds, another for payment of the accruing interest on bonds, and a third for other corporate municipal purposes. There was no provision of law for anything termed an appropriation bill, but all ordinances making any appropriation were required to be published. It was said that while we have been accustomed to making appropriations by separate bill on account of the provisions of the Cities and Villages act and the act for the management of affairs of Cook county, it was clear that the General Assembly intended appropriations to be made by the trustees for the purposes of the sanitary district and that they should be made by ordinance. There is the same condition as to the necessity of a separate appropriation bill by a county board, but, as said in that case, there is some point in the process of levying and collecting taxes and paying out the money at which the money is appropriated to some purpose. When that point is reached section 45 requires a vote by ayes and nays entered on the record. When the order was made for the levy of this tax the amount to be raised was then and there appropriated in law for the purpose of improving, maintaining and repairing State aid roads required to be improved in the county of Morgan. The proceeds of the tax were set apart and assigned to that specific purpose, and having been so appropriated it might thereafter be lawfully expended for that purpose and no other. The plain intention of the statute is that no such appropriation shall be made except when authorized by a vote taken by ayes and nays and entered on the record, and the objection should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*