## The People of the State of Illinois, Defendant in Error, v. Moses Williams, Plaintiff in Error.

### Gen. No. 28,237.

1. CRIMINAL PROCEDURE—*sufficiency of allegations of venue.* An information which laid the venue in the "State of Illinois, City of Chicago," was sufficient as the court will take judicial notice that the City of Chicago is in Cook County.

2. CRIMINAL PROCEDURE—*time for motion for bail pending error.* A motion made by defendant after he had been found guilty and was incarcerated in the house of correction, to admit him to bail, came too late, as the trial court had lost jurisdiction of the case.

3. CRIMINAL PROCEDURE—*clerical error in informer's name.* Where by the record the information purported to be that of William R. Fhele but was signed by William R. Thele but an affidavit attached and made a part of it had the name as Fhele and it was so signed, it is clear that there was merely a typographical error in making up the record and, in any event, there is no substantial error.

4. NAMES—*idem sonans.* The names Thele and Fhele are *idem sonans.*

Error by defendant to the Municipal Court of Chicago; the Hon. WILLIAM L. MORGAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924.

ELLIS & WESTBROOKS, GEORGE W. BLACKWELL, HARRIS B. GAINES, JAMES S. WINFREY and W. CHESTER KITCHEN, for plaintiff in error; RICHARD E. WESTBROOKS, of counsel.

ROBERT E. CROWE, State's Attorney, for defendant in error; EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

William R. Fhele was given leave to file an information against the defendant, Moses Williams, charging that Williams assaulted Fhele with a deadly weapon, commonly called a revolver, contrary to the statute. The defendant signed a jury waiver and a trial was had before the court without a jury. The court found the defendant guilty as charged in the information and he was sentenced to imprisonment for one year in the House of Correction and to pay a fine of $25. Afterwards, the defendant was incarcerated, according to the judgment of the court, in the House of Correction, and sometime later a motion was made before the trial court, asking that the judgment be quashed on the ground that there was no venue laid in the information; that pending an application to this court for *supersedeas,* the defendant be admitted to bail. The court denied both motions.

The record before us does not contain any of the evidence heard upon the trial. The information is entitled "State of Illinois, City of Chicago—SS, In the Municipal Court of Chicago." The defendant

contends that this is insufficient because it did not state that it was within the County of Cook. We think there is no merit in this contention. While the information would have been more accurate had it laid the venue in Cook county, yet this court will take judicial notice that the City of Chicago is in Cook county, and this is sufficient. *Sullivan v. People,* 122 Ill. 385; *The People v. O'Gara,* 271 Ill. 138. In the *Sullivan* case, it was contended that the judgment was erroneous because there was no proof that the crime of which the defendant was found guilty, was committed in Cook county. The evidence showed that the crime was committed in a certain house in Chicago, and it was held that this was sufficient. The court said (p. 387): "Of course this court will take judicial notice that Chicago is in Cook county. Proof that a crime is committed in Chicago, is proof that it was committed in Cook county."

In the instant case, the information charges that the crime was committed in the City of Chicago, and we will take judicial notice of the fact that Chicago is located in Cook county.

Of course, the motion made by the defendant after he had been found guilty and was incarcerated in the House of Correction, to admit him to bail, came too late as the court had lost jurisdiction of the case. *The People v. Turney,* 273 Ill. 546. In any event, the action of the court in this respect is not before us. *People v. Lalor,* 290 Ill. 234.

A further complaint is made that the information is fatally defective because it purports to be the information of William R. Fhele, but it is signed by William R. Thele. The information states that William R. Fhele, a resident of Chicago, charges the defendant with an assault upon him with a deadly weapon contrary to the statute. This appears to be signed by William R. Thele. An affidavit attached and made a part of it, however, states that William R. Fhele, being duly sworn, on oath, deposes and says

that he resides at 1411 N. Luna avenue; that he read the foregoing information by him subscribed and knows the contents thereof and that said information and the matters therein stated are true. This is signed by William R. Fhele. We think it is clear that there was merely a typographical error in making up the record, and in any event there is no substantial error. The names Thele and Fhele are *idem sonans*.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J. concur.