(No. 16309.—Affirmed in part and reversed in part.)

THE PEOPLE ex rel. J. Lem Ballance, County Collector, Appellee, vs. THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*county tax and county highway tax must be levied by aye and nay vote—amendment.* Under section 54 of the Counties act, as amended in 1921, (Laws of 1921, p. 387,) the county tax and county highway tax must be levied by an aye and nay vote of the county board, entered on the record of the meeting so as to show, individually, how the supervisors voted, and an amendment of the record showing that there was a *viva voce* vote, all present voting aye and no one voting nay, is not sufficient to show that the law was complied with.

2. SAME—*county board in levying taxes must act in conformity with statute.* The county board in levying taxes exercises only such power as is delegated to it by the legislature, and it cannot disregard any of the statutory limitations, imposed for the benefit of the tax-payer, as to the time when, the purposes for which and the manner in which appropriations of money can be made.

3. SAME—*when consent to additional town highway tax must be obtained.* The amendment of the Township Organization law in 1923, authorizing special meetings of the board of town auditors, does not change the provision of the Roads and Bridges act heretofore construed as allowing consent to an additional town highway tax to be given at the regular meeting of the board of town auditors on the first Tuesday in September, if given before the levy is made.

4. SAME—*record of town auditors' meeting prior to first Tuesday in September must show it was called according to law.* Consent to the levy of an additional town road and bridge tax is not valid where the meeting of the town auditors was held prior to the regular meeting on the first Tuesday in September and the record does not show that such meeting was called or held in accordance with the act authorizing meetings at other times than the Tuesday preceding the meeting of the county board, as the record of such body must show that its action was within the authority conferred by law, and everything is presumed to be without its jurisdiction which is not expressly shown to be within it.

5. SAME—*objector must show records do not authorize levy of tax for road or ditch damages.* One who objects to the payment

of a town tax for damages allowed or awarded for laying out or altering roads or ditching to drain roads must show that the records of the town highway commissioner fail to show the awarding of any such damages, as the county collector's return is sufficient to authorize the entry of judgment for such tax, and the burden is on the objector to show the tax was not authorized by the records.

APPEAL from the County Court of Marion county; the Hon. W. G. WILSON, Judge, presiding.

JOHN L. KAGY, and CRAIG & CRAIG, (HOMER T. DICK, of counsel,) for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county collector of Marion county presented an application to the county court at its June term, 1924, for judgment against real estate in that county which was delinquent for certain taxes levied by the county and by the commissioners of highways of certain towns in the county. The Chicago and Eastern Illinois Railway Company filed objections as to various taxes extended against its property, some of which were sustained while others were overruled, and judgment was entered against its property for the taxes as to which the objections were not sustained. The railroad company appealed, and the taxes involved in the appeal are the county general tax, the county highway tax, and the road and bridge tax of the towns of Salem, Stevenson and Haines.

The objection to the county tax was that it was not levied by an aye and nay vote. The supervisor's record shows in regard to these taxes that at the September meeting, 1923, of the county board, the finance committee recommended an appropriation and tax levy for the year 1923 consisting of a number of items amounting to $96,075, for which amount the committee recommended the levy of a tax of fifty cents on the $100. The action of the board on that recommendation was shown by the entry after the copy of the report, "On motion the same is approved by the board."

314—23

The record further shows that the road and bridge committee reported a recommendation that twenty-five cents be levied on the $100 assessed valuation of all the property of the county for the purpose of maintaining State aid roads, and the action of the board on this report is shown by the entry: "Moved and seconded that a twenty-five cent levy for maintenance of State aid roads be accepted. Motion carried."

The legislature amended the act in relation to counties in 1921 so as to provide by section 54 that in counties under township organization, among which Marion county is included, the vote on all propositions to appropriate money from the county treasury shall be taken by ayes and nays and entered on the record of the meeting. (Laws of 1921, p. 387.) An identical provision in section 45 applied to counties not under township organization, and in *People* v. *Wabash Railway Co.* 308 Ill. 604, it was held that the levy of a county highway tax was an appropriation of money, and that the plain intention of the statute was that no such appropriation should be made except when authorized by a vote taken by ayes and nays and entered on the record. On the hearing of the objections in this case it was not contended that the supervisor's record sustained the levy, and evidence was introduced to show what occurred at the meeting for the purpose of amending the record. The county clerk testified that at the September meeting, 1923, resolutions in the matter of the levy of the tax were adopted by a *viva voce* vote; that there was no roll call; that those who were in favor of adopting the resolutions voted by simply saying "aye," and those opposed voted collectively by saying "no." He testified further that at the time the motion was made for the levy of the tax twenty-three supervisors were present and one was absent. When the motion was put all present voted aye; none voted nay. On cross-examination he said he had no record showing the vote; that it was just his remembrance; that the question was put

and they voted collectively and not separately, and there was no roll call. Thereupon, on motion of the People, the court granted leave to amend the supervisor's record as follows: "A motion was made and seconded that the resolution of the levy of county tax for the year 1923 be adopted. Twenty-three members were present, and on vote on the said motion all present voted 'aye' and no one voted 'nay.' The motion was declared adopted."

The power of the court to permit the above amendment is derived from section 191 of the Revenue act, which provides that in all judicial proceedings for the collection of taxes and special assessments amendments may be made, and any irregularity or informality in any of the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any officer or officers connected with the assessment or levy of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court, or by the person, in the presence of the court, from whose neglect or default the same was occasioned. The amendment, however, does not meet the objection. It does not show an aye and nay vote or a roll call, which is necessary to such a vote. It really shows no more than was shown by the record before the amendment. It shows the taking of a *viva voce* vote and that the resolution was carried by such vote. It does not show any compliance or attempt at compliance with the requirement of the statute that there shall be an aye and nay vote and the entry of such vote on the record. The county, in levying taxes, exercises power delegated to it by the legislature. It has only such power as the legislature has given it. It can act only in conformity with the power granted to it by the legislature. Its power to appropriate money is definitely limited as to the time when, the purposes for which and the manner in which such appropriation can be made, and it cannot act in disregard of any of the limitations that are imposed for the benefit of the tax-payer.

The sessions of the county board are required to be open to the public, and the public have the right to be present and to know and see what occurs and the manner in which appropriations are made. These provisions are definitely fixed so that the tax-payers may know when appropriations are made and may be present if they desire. The vote is required to be by yeas and nays so that it may be known how each supervisor voted and that the tax-payers may be able to place the responsibility for the action of the board.

Section 12 of article 4 of the constitution of 1870 has a provision similar to that of the section in question here. It is, that "on the final passage of all bills, the vote shall be by yeas and nays, upon each bill separately, and shall be entered upon the journal." In *Neiberger* v. *McCullough,* 253 Ill. 312, it is said in regard to this provision: "The constitution of 1818 provided that each house should keep a journal of its proceedings and publish the same, and that the ayes and noes of the members on any question should at the desire of any two of them be entered in the journal. That was a privilege given to members which could have had no object except to fix responsibility for votes. The constitution of 1848 contained the same provision for the entry of the ayes and noes on any question at the desire of two members, but made it compulsory that on the final passage of all bills the votes should be by ayes and noes and should be entered on the journal. The provision was included in the present constitution for the same evident purpose of fixing the responsibility of members of the General Assembly and compelling them to go on record when voting for or against bills." It is manifest that this provision was made to apply to the appropriation of money by the supervisors in every county in the State for the same reason: that the supervisors who vote for the levying of taxes and the appropriation of public funds may be compelled to go on record when doing so and may be held responsible for their acts. It has been held ever since the

adoption of this provision in the constitution of 1848, that it was essential to an act's becoming a law that the journal of each house of the legislature should show that the act was passed by a yea and nay vote entered on the journal, with the names of the persons voting. (*Spangler* v. *Jacoby,* 14 Ill. 297; *People* v. *Starne,* 35 id. 121; *Ryan* v. *Lynch,* 68 id. 160; *People* v. *Bowman,* 247 id. 276.) The case of *People* v. *Wabash Railway Co. supra,* applied the same rule to the county boards with reference to this provision as had been previously applied to the legislature.

The case of *Barr* v. *Village of Auburn,* 89 Ill. 361, construed a section of the Cities and Villages act which provided that "the yeas and nays shall be taken upon the passage of all ordinances and on all propositions to create any liability against the city, or for the expenditure or appropriation of its money, and in all other cases at the request of any member, which shall be entered on the journal of its proceedings; and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition." The ordinance in question had been passed and all the journal showed of the manner of its passage was: "On motion of William Brownell the following ordinance [the one in question] was unanimously adopted." An objection was made to the ordinance that the journal did not show that the yeas and nays were taken upon its passage and an entry thereof made in the journal, but the court held that the mandatory portion of the section was that the concurrence of a majority of all the members elected was necessary to the passage of an ordinance, and that the purpose of the requirement that the vote should be entered on the journal was that it might appear thereby whether the ordinance was passed by the majority required by the statute. This was regarded as the essential thing, and it was held that the showing of the journal was sufficient in this regard. It was shown that only one member was absent from the

meeting of the board at which the ordinance was unanimously adopted. This case has been followed by others where the legal passage of municipal ordinances has been involved, but the cases which hold that under the same requirement of a yea and nay vote entered on the journal a failure of the journal to show a yea and nay vote is fatal to the passage of the ordinance have also been followed, and there is no doubt about that rule as applied to the legislature. The same rule applies to county boards. (*People v. Wabash.Railway Co. supra.*) This rule is sustained by the better reason, and we see no reason for overruling the decisions in which it has been adopted and followed. *Barr v. Village of Auburn, supra,* will be overruled.

The objection to the county tax and the county highway tax should have been sustained.

In the towns of Salem and Stevenson the highway commissioner levied a rate of sixteen cents in excess of fifty cents on the $100, and the objection is made to the excess that the consent by which the board of town auditors authorized it to be levied was given at a meeting held on the first Tuesday of September. It is claimed that since the amendment of the Township Organization law in 1923, authorizing special meetings of the board of town auditors to be called, consent must be given at a meeting held before the first Tuesday in September. The same objection was considered in the case of *People v. Illinois Central Railroad Co.* (*ante,* p. 339,) and was decided adversely to the appellant.

Objection is also made to the road and bridge tax of the town of Haines that the consent of the board of town auditors was not given at a regular or called meeting of the board previous to the first Tuesday in September. The meeting at which the consent of the board of town auditors was given in this town was held on the first day of September, which was not Tuesday, but the record of the meeting does not show that it was called or held in accordance with the act authorizing meetings at other times than the

Tuesday preceding the meeting of the county board. The record recites merely that the majority of the town auditing board had duly met on the first day of September, without reciting the facts showing that the meeting was held in accordance with the terms of the act authorizing such meeting. The record of such a body must show that its action was within the authority conferred on it by law, as everything is presumed to be without its jurisdiction which is not expressly shown to be within it. The consent to the additonal levy in Haines township was therefore void.

Another objection is made to the rate of three cents levied in the town of Haines for road and ditch damages, for the reason that no road and ditch damages had been agreed upon or awarded and there was no judgment for such damages. No evidence was introduced on this objection. It is said by counsel for the appellant that the records of the highway commissioner of the town of Haines failed to show that road and ditch damages had been agreed upon, allowed or awarded to any property owner for laying out or altering roads or ditching to drain roads, and under such circumstances this levy was illegal and void. The county collector's return was sufficient to authorize the entry of judgment for this tax, and if the records of the town failed to show any agreement or award for damages, the burden was on the appellant to make that appear. The statement which has been mentioned is made in its brief, but there is no reference to any evidence in the abstract from which that fact appears, and the objection was therefore not sustained.

The judgment of the county court of Marion county as to the county tax and county highway tax and as to the additional rate of sixteen cents of the road and bridge tax of Haines township will be reversed and in all other respects it will be affirmed.

*Affirmed in part and reversed in part.*