(No. 16313.—Judgment reversed.)

THE PEOPLE *ex rel.* William Piatt Smith, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*the county board in levying taxes must comply with statute.* The county board in levying taxes can act only in conformity with the power granted by the General Assembly, and the limitations as to the time when, the purposes for which and the manner in which the power shall be exercised, all of which limitations are imposed for the benefit of the tax-payer, must be observed.

2. SAME—*levy of county tax by viva voce vote is invalid.* A resolution of the county board for the levy of a county tax is invalid when adopted by a *viva voce* vote even though all were present and all voted aye, as the statute requires that there shall be an aye and nay vote and that such vote shall be entered on the record of the meeting. (*People* v. *Wabash Railway Co.* 308 Ill. 604, followed.)

APPEAL from the County Court of Piatt county; the Hon. M. R. DAVIDSON, Judge, presiding.

N. S. BROWN, L. H. STRASSER, and F. M. SHONKWILER, for appellant.

EDIE & EDIE, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Piatt county applied to the county court of that county at its June term, 1924, for judgment against real estate upon which taxes were delinquent. The Wabash Railway Company filed objections to certain county taxes. The objections were overruled and judgment was rendered against its property for $4682.74. The railway company prosecutes this appeal from the judgment of the county court.

The supervisors' record shows that at the September, 1923, meeting of the county board of supervisors, on motion, a resolution was adopted that there be levied upon all taxable property of the county the sum of $74,660, which consisted of various items. The county clerk testified, over the objection of the appellant, that all the members of the board were present at the meeting; that when the resolution was offered the chairman said, "All in favor of the motion say 'yea';" that they all voted yea and that the chairman declared the motion carried.

The county of Piatt is under township organization. Section 54 of the act in relation to counties, as amended in 1921, applicable to counties under township organization, requires that the vote on all propositions to appropriate money from the county treasury shall be taken by ayes and nays and entered on the record of the meeting. (Laws of 1921, p. 388.) Section 45 of the same act, also amended in 1921, (Laws of 1921, p. 387,) which is applicable to boards of county commissioners in counties not under township organization, contains that identical provision. In *People* v. *Wabash Railway Co.* 308 Ill. 604, it was held that the levy of a county highway tax is an appropriation of money; that section 45, as amended in 1921, requires that such an appropriation be made by a vote by ayes and nays and entered on the record of the meeting of the county board, and that the failure to take such vote and to make such record was fatal to the tax. The county in levying taxes exercises a power granted by the General Assembly, and it can act only in conformity with the power so granted. Its power to appropriate money is definitely limited as to the time when, the purposes for which and the manner in which it shall be exercised. The county board cannot act in disregard of the statutory limitations, which are imposed for the benefit of the tax-payer. The resolution in the instant case was adopted by a *viva voce* vote. There was no roll call but all the supervisors voted collectively.

No attempt was made to comply with the requirements of the statute that there shall be an aye and nay vote and that such vote shall be entered on the record of the meeting. *People* v. *Wabash Railway Co. supra,* is decisive of this case, and the appellant's objections to the tax should have been sustained.

The judgment of the county court will be reversed.

*Judgment reversed.*