(No. 16370.—Judgment affirmed.)

THE PEOPLE *ex rel.* Jessie Anderson, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*tax record may be amended to correct clerical error.* Under section 191 of the Revenue act, upon application for judgment and order of sale for a delinquent tax, amendments may be allowed when there has been an attempt to comply with the law but the attempt is ineffective on account of some informality or clerical error.

2. SAME—*statute requiring aye and nay vote of county board is mandatory.* A levy of a county tax is an appropriation of money, and the statute requiring such levy to be made by an aye and nay vote entered on the record of the county board is mandatory, and a failure to observe such provision is fatal to the tax.

3. SAME—*when amendment of record is sufficient to show aye and nay vote of the county board.* Where objection is raised to a county tax that the record does not show the manner of voting on the levy, as required by statute, an amendment of the record may be allowed to show what actually occurred at the meeting of the county board, and such amendment is sufficient where it shows that each supervisor voted for the levy, giving the name and vote of each.

APPEAL from the County Court of Putnam county; the Hon. JAMES E. TAYLOR, Judge, presiding.

PERRY D. TRIMBLE, (BERTRAND WALKER, and CAIRO A. TRIMBLE, of counsel,) for appellant.

M. J. FALETTI, State's Attorney, (HUNT, MONTGOMERY & KELLY, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Putnam county made application to the county court of that county for judgment against real estate upon which the taxes for 1923 were delinquent.

The New York Central Railroad Company filed objections to the county tax. The objections were overruled and judgment was rendered against the property of the railroad company for $2660.08. It prosecutes this appeal to review the judgment.

The record of the proceedings of the board of supervisors shows that at its meeting in September, 1923, on motion, a tax levy upon all the taxable property in the county, aggregating $35,320, was ordered. The original record failed to show how the vote was taken or how many members of the board supported the motion. At the trial, based on the testimony of the county clerk and three of the members of the board, the court allowed the record of the county board's proceedings to be amended by inserting therein the following: "W. L. Bumgarner, chairman of the county board, exhibited the following certificate of levy to each member of the board of supervisors, to-wit: Sidney Whitaker, John W. Henning and Chris Christensen, and they and each of them personally examined same, and the said chairman then asked each of the aforesaid members if he was satisfied with said levy, to which question the following replies were made: Sidney Whitaker said yes; John W. Henning said yes; Chris Christensen said yes. Thereupon the chairman, W. L. Bumgarner, stamped the word 'approved.'" The county board consisted of the four supervisors named.

The first contention of appellant is that the county court erred in allowing the amendment to the record of the county board's proceedings. Under section 191 of the Revenue act, upon application for judgment and order of sale for a delinquent tax, amendments may properly be allowed when there has been an attempt to comply with the law but it is ineffective on account of some informality or clerical error. (*People* v. *Chicago and Illinois Midland Railway Co.* 260 Ill. 624; *People* v. *Brown,* 261 id. 73; *Chicago and Northwestern Railway Co.* v. *People,* 174 id. 80; *Robbins*

v. *City of Herrin,* 293 id. 133; *People* v. *Zellar,* 224 id. 408; *Chicago Telephone Co.* v. *Northwestern Telephone Co.* 199 id. 324.) The original record shows that the tax levy was ordered, on motion, at a meeting of all the members of the board, held at the time prescribed by law. The manner of voting upon the motion was not shown nor was the vote entered of record. The amendment shows what actually occurred at the meeting and was properly allowed.

Appellant's second contention is that, notwithstanding the record as amended, it fails to show compliance with section 54 of the act in relation to counties, and that in consequence the levy of the county tax is illegal. The section to which reference is made, as amended in 1921, is applicable to counties under township organization, of which Putnam county is one, and requires that the vote on all propositions to appropriate money from the county treasury shall be taken by ayes and nays and entered on the record of the meeting. (Laws of 1921, p. 388.) A levy of a county tax is an appropriation of money, and the statutory provisions above stated are mandatory and a failure to observe them is fatal to the tax. (*People* v. *Wabash Railway Co.* 308 Ill. 604.) The meeting of the county board was held at the time fixed by statute and all its members were present at the meeting. The amended record shows that the chairman exhibited the certificate of the tax levy to each member separately, who personally examined it, and in answer to the inquiry by the chairman whether he was satisfied with the levy answered yes. The vote was not taken collectively but separately, and entered on the record of the meeting.

The amended record shows a sufficient compliance with the statute, and the objections were properly overruled.

The judgment of the county court will be affirmed.

*Judgment affirmed.*