(No. 16314.—Judgment reversed.)

THE PEOPLE *ex rel.* William Piatt Smith, County Collector, Appellee, *vs.* THE CINCINNATI, INDIANAPOLIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed February 17, 1925.*

TAXES—*levy of county tax by viva voce vote is invalid.* A levy of the county tax by *viva voce* vote of the board of supervisors is not sufficient to satisfy the statute requiring an aye and nay vote, although the county clerk testifies that all were present and voted aye. (*People* v. *Wabash Railway Co.* 314 Ill. 386, and *People* v. *Chicago and Eastern Illinois Railway Co.* 314 id. 352, followed.)

APPEAL from the County Court of Piatt county; the Hon. M. R. DAVIDSON, Judge, presiding.

F. J. GOEBEL, and F. M. SHONKWILER, for appellant.

EDIE & EDIE, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The county collector of Piatt county applied to the county court of that county at its June term, 1924, for a judgment against real estate upon which taxes were delin-

quent. The Cincinnati, Indianapolis and Western Railroad Company filed objections to certain county taxes, amounting to $830.52. Its objections were overruled and judgment was rendered against its property for said amount, and it has prosecuted this appeal.

The sixth objection of appellant is that the report of the finance committee recommending the appropriations and levy was not adopted by the county board at its September meeting by an aye and nay vote, as required by section 54 of the County act as amended June 24, 1921, and that the county tax levied and assessed against the property of appellant is illegal and void. The evidence in this record is substantially the same as that in *People* v. *Wabash Railway Co.* 314 Ill. 386. The record of the board of supervisors shows that at its September meeting, 1923, a resolution was adopted by the board that there be levied upon all taxable property of the county the sum of $74,660, consisting of various items. On cross-examination the county clerk testified, over the objections of appellant, that all the members of the board were present at the meeting; that when the resolution was offered the chairman said, "All in favor of the motion say yea;" that they all voted yea, and the chairman declared the motion carried. Waiving all question as to the admissibility of the county clerk's testimony, the evidence shows simply that the resolution was adopted by a *viva voce* vote, which is not in compliance with the statute, as we held in the case above cited and also in *People* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 352, where the question is fully discussed.

The judgment of the county court is reversed.

*Judgment reversed.*