## W. W. Kimmel, Appellee, v. Board of Education Marion School District No. 52, Appellant.

1. SCHOOLS AND EDUCATION—*construction of contract with school principal.* A contract of a school board hiring a school principal must be construed with regard to surrounding circumstances, and the requirement of attending summer school placed therein must be construed in such case to mean attendance at a summer school for training school teachers, and attendance at a business college is not a compliance therewith.

2. SCHOOLS AND EDUCATION—*legality of board's vote on adoption of contract with school principal.* Under Cahill's St. ch. 122, ¶ 137, providing that a board of education shall have all the powers of school directors and be subject to their limitations, and Cahill's St. ch. 122, ¶ 120, providing that the yeas and nays on all money expenditures must be entered on the record, a contract of employment of a school superintendent passed by secret ballot without the yeas and nays being entered of record does not bind the board.

Appeal by defendant from the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the October term, 1926. Reversed with finding of facts. Opinion filed April 15, 1927.

GEO. B. WHITE and HOSEA V. FERRELL, for appellant.

D. L. DUTY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

For the school year 1922–1923, appellee was the principal of one of appellant's grade schools and as such had the supervision of the work of seven or eight teachers. Prior to that time he had been a teacher in its schools for six years. In the spring of 1923, appellant decided to re-employ him as principal of the same school for the following year at $165 per month. For some reason it was thought best that he and a few of the other teachers should be required to attend summer school, and earn at least two credits and by reason thereof his salary was increased to $175. A formal contract was executed in which he agreed to attend summer school and earn at least two credits. Shortly before the opening of school that fall appellant forfeited the contract because appellee had not attended summer school and he was not permitted to serve as principal.

After the expiration of the school year appellee brought this suit to recover for a breach of the contract and averred, inter alia, in his declaration, that he had attended summer school in 1923 and had earned two credits. The general issue was pleaded and the trial resulted in a verdict and judgment for $1,375.

On the trial appellee proved that in 1923 he attended Brown's Business College in Marion, Illinois, and had earned one credit for proficiency and method in muscular movement writing, and another credit for method, accuracy and speed in rapid figuring. Ap-

pellant offered to prove that among teachers and boards of education the term "summer school" as used in the contract had a well-settled meaning, i. e., a summer school for the training of school teachers. That evidence was excluded. The undisputed evidence is that Brown's Business College is not such a school.

The contract should be construed with a due regard to the surrounding circumstances, the nature of the subject matter, the position of the parties and the apparent known purposes for which the contract was made, so that the language may be understood in the sense intended by the parties. *Close v. Browne,* 230 Ill. 228; *Adams v. Gordon,* 265 Ill. 91; *George C. Peterson Co. v. Timken Roller Bearing Co.,* 233 Ill. App. 53–60.

When the contract in question is so construed it seems to us that there is no escape from the conclusion that the term "summer school" was intended by the parties to mean and to refer to a summer school for the training of school teachers. If appellee had attended summer school for kindergarten pupils and had earned two credits, no one would contend, seriously, that he had complied with the terms of his contract. The school to be attended and the credits to be earned should have some reasonable relation to the purpose for which he was employed.

It is quite evident that appellee understood the contract to refer to a summer school for the training of teachers. About the time the contract was executed he had planned an automobile trip to Texas and was anxious to be relieved from attending summer school. He talked with some of the members of the Board and wanted to know if such a trip would be considered as equivalent to a school attendance. One of them asked him why he did not go to school at Carbondale with the other teachers and he said the principal teachers were out and it was only the assistant teachers for the summer; that he had made his plans for the trip to

Texas; that there was a summer school for teachers at Waco, Texas, and that he would attend that school. He says that he intended to go to that school, but when he reached Waco he was a week too late for the opening of the school.

Appellee talked with Dr. Harris, a member of the Board, about the matter of attending summer school and his trip to Texas. Dr. Harris says he told appellee that they did not want him to take reading, writing, arithmetic and spelling, but something that would advance him as principal, for the governing, controlling and superintending as principal and that appellee replied: "I know it, that is the reason that I thought that the trip to Texas would suffice." Appellee did not deny that conversation. Having failed to comply with his contract he was not entitled to recover.

The Board of Education shall have all the powers of school directors and shall be subject to the same limitations. Callaghan's Ill. St. Ann. ch. 122, ¶ 137. The clerk shall keep in a journal a record of the official acts of the Board and on all questions involving the expenditure of money the yeas and nays shall be taken and entered on the records of the proceedings of the Board. Callaghan's Ill. St. Ann. ch. 122, ¶ 120. It has been held that provisions of that nature are mandatory and a failure to observe them is fatal. *People v. New York Cent. R. Co.*, 314 Ill. 429; *People v. Chicago & E. I. R. Co.*, 314 Ill. 352. This court applied the same rule where the employment of a principal was involved. *Crawford v. Board of Education Dist. No. 88*, 215 Ill. App. 198.

The employment of appellee involved the expenditure of money. The motion to employ him was not carried by a yea and nay vote taken and entered upon the record of the proceedings of the Board as required by the statute. On the contrary the record shows that he was employed upon a secret ballot. That being

true, we are of the opinion that the president and secretary of appellant were without authority to execute the contract upon which this suit was brought. The judgment is reversed at the costs of appellee.

*Reversed with finding of facts.*

The clerk will incorporate in the judgment the following: The court finds that appellee failed to comply with the terms of the contract set out in his declaration; that he had no valid contract with appellant.